Jesse **FITZGERALD**

v.

John **APPOLONIA**

and

**Richard Meachim**

and

**George Ucci**

and

**John Nicklous**

and

**Lt. John Smith**

and

**City of Philadelphia**

and

**John Doe et al.**

Civ. A. No. 43371.

United States District Court,
E. D. Pennsylvania.

March 10, 1971.

Samuel Dashiell, Philadelphia, Pa., for plaintiff.

Stanley Bashman, Philadelphia, Pa., John Mattioni, Asst. City Sol., Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

VANARTSDALEN, District Judge.

This is a motion to dismiss a Civil Rights action brought under 42 U.S.C. § 1983 against the City of Philadelphia and certain police officers who allegedly assaulted the plaintiff causing him numerous injuries. The alleged assault occurred August 20, 1965, at or about the time the plaintiff was arrested by the police officers. The plaintiff filed his complaint in federal court on August 16, 1967, but the praecipe to issue a summons was not filed until December 4, 1967, and service was not made until December 14, 1967.

■ It is well established that a municipality is not a "person" within the contemplation of the Civil Rights Act and thus the City of Philadelphia is not amenable to suit. Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961), cited as controlling in United States ex rel. Gittlemacker v. County of Philadelphia, 413 F.2d 84, 86 (3rd Cir. 1969).

■ The other named defendants, who have been served in this case, are police officers who claim that no cause of action has been stated against them. It is settled that a private citizen who has been assaulted by a police officer can state a claim for relief under Section 1983 of the Civil Rights Act. Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961); Selico v. Jackson, 201 F.Supp. 475 (D.C.Cal.1962). In this case the plaintiff's allegations state a sufficient claim.

■■ The defendants also assert that plaintiff's cause of action should be dismissed because the statute of limitations ran prior to plaintiff's commencing suit. While the applicable statute of limitations period in this case is the two year period provided under Pennsylvania law for personal injury actions [12 P.S. § 34 (1953)], the application of that period to the facts of this case is governed by federal law.

"In an action under the *civil rights statute*, while state law controls as to the time within which an action must be begun, the manner in which it is *commenced and when it is deemed to have begun*, being procedural and not substantive, is covered by the Federal Rules of Civil Procedure." Jackson v. Duke, 259 F.2d 3, 6 (5th Cir. 1958); quoted in 2 Moore's Federal Practice, p. 784, ¶ 3.07 [4.–3–2]; cited as controlling in McGuire v. Baker, 421 F.2d 895 (5th Cir. 1970); see O'Sullivan v. Felix, 233 U.S. 318, 34 S.Ct. 596, 58 L.Ed. 980 (1914).

Since in this case the complaint was filed within the two year period following the injury but service was not made until four months after the period had run, the issue is whether filing the complaint without service would commence the action thereby tolling the statute. The federal procedural rule on this question was stated in Newberg v. American Dryer Corporation, 195 F.Supp. 345 (E. D.Pa.1961).

"The general rule, of course, is stated in the plain words of Rule 3, Fed. R.Civ.P. that a civil action is commenced by filing a complaint with the court. When a federal matter or cause of action is involved, the cases have uniformly held that an action is deemed commenced at the time the complaint is filed. 2 Moore's Federal

Practice, p. 783, ¶ 3.07 [4.–3–2] (2d ed. 1960)." *Id.* at 351.

Thus, under the facts of this case, plaintiff's cause of action is not barred by the running of the statute of limitations since the complaint was filed on August 16, 1967, commencing the action within the two year period.

 The defendants also contend that this action should be dismissed because the plaintiff was guilty of laches in delaying service on the defendants until four months after the complaint was filed. However, it is well established that the claim of laches requires proof of (1) lack of diligence by the party against whom the defense is asserted, and (2) prejudice to the party asserting the defense. Costello v. United States, 365 U.S. 265, 282, 81 S.Ct. 534, 5 L.Ed.2d 551 (1960) citing Gardner v. Panama R. Co., 342 U.S. 29, 31, 72 S.Ct. 12, 96 L.Ed. 31 (1951); Southern Pacific Co. v. Bogert, 250 U.S. 483, 488–490, 39 S.Ct. 533, 63 L.Ed. 1099 (1919); Galliher v. Cadwell, 145 U.S. 368, 372, 12 S.Ct. 873, 36 L.Ed. 738 (1892). This court need not reach the question of whether a four month delay in making service after the running of the statute of limitations is a lack of diligence sufficient to invoke the defense of laches because there is no allegation or assertion that the defendants have suffered any prejudice due to the delay. Thus as to the defendants who were served on December 14, 1967, the defense of laches is not available because they have failed to establish prejudice.

This court finds, however, that the plaintiff is guilty of laches as to those defendants listed as John Does who have not yet been served. The delay in serving these defendants for five and a half years after the time of injury is a lack of diligence which would of necessity be prejudicial to these defendants. This delay is particularly unjustified in view of the fact that the record does not evidence any effort by the plaintiff to discover the identity of these defendants in order to effectuate service.