David Leo SCIESZINSKI, Appellant,

v.

CITY OF WILTON and Dwayne Rogers, Appellees.

No. 61180.

Supreme Court of Iowa.

Oct. 18, 1978.

Rehearing Denied Nov. 17, 1978.

David Leo Scieszinski, appellant, pro se.

Rosenberger, Petersen, Conway & Petersen, Muscatine, for appellees.

Considered by UHLENHOPP, P. J., and McCORMICK, ALLBEE, McGIVERIN and LARSON, JJ.

UHLENHOPP, Justice.

We must decide here whether the filing of a petition tolls the statute of limitations when the plaintiff seeks and obtains delay in the service of the original notice.

On September 9, 1976, defendant Dwayne Rogers, a peace officer employed by defendant City of Wilton, Iowa, arrested plaintiff David Leo Scieszinski, charged him with driving while intoxicated, and held him in custody for eight hours. Mr. Scieszinski contemplated action for wrongful imprisonment against Officer Rogers and the City of Wilton. He did not however give a 60-day notice under § 613A.5 of the 1975 Code. That section provides in pertinent part:

> Every person who claims damages from any municipality or any officer, employee or agent of a municipality . . . shall commence an action therefor within six months, unless said person shall cause to be presented to the governing body of the municipality within sixty days . . . a written notice. . . . No action therefor shall be maintained unless such notice has been given and unless the action is commenced within two years after such notice. . . .

On March 8, 1977, just shy of six months from the time of the incident, Mr. Scieszinski filed a petition with the clerk of district court seeking damages from the officer and the city for wrongful imprisonment. He also filed a motion together with an ex parte court order requiring the clerk to seal the petition, motion, order, and original notice. The clerk sealed everything except the original notice, which she apparently did not receive at that time.

Rule 48 of the Rules of Civil Procedure states:

> A civil action is commenced by filing a petition with the court.

The relevant portions of rule 49(a) and (b) state:

> (a) Written directions for the service of the original notice and copy of petition shall be delivered to the clerk *with the petition.* There shall also be delivered to the clerk *with the petition* the original notice to be served and sufficient copies of both. . . .

> (b) Upon the filing of the petition the clerk shall *forthwith* deliver for service the original notice and copies, copies of the petition, and the directions for service to the sheriff, to a person specially appointed to serve it, or other appropriate person. . . . (Italics added.)

Rule 55 states:

> For the purpose of determining whether an action has been commenced within the time allowed by statutes for limitation of actions, whether the limitation inheres in the statutes creating the remedy or not, the filing of a petition shall be deemed a commencement of the action.

In May 1977, Mr. Scieszinski was tried and acquitted on the charge of driving while intoxicated.

On June 1, 1977, the district court vacated its previous order under which the petition, motion, and order in the present case were sealed.

On June 3, 1977, the original notice in the present case was delivered to the sheriff and copies were delivered by him to the officer and the city. On June 17, 1977, the original notice bearing returns of service was filed with the district court clerk.

Within the time allowed, the officer and city filed their answer. In paragraph 14 they averred by way of affirmative defense:

14. Plaintiff's method of commencing this action and serving notice is contrary to the policies of Section 613A.5 of the Code of Iowa (1975) and his action should be barred because of his prejudicial delay in serving Defendant with original notice.

Various other filings followed but we need consider only the motion to adjudicate law points filed by the officer and the city. This motion set forth the facts we have recited, which are apparent on the face of the pleadings and file, and asked the court to adjudicate that the action is barred as not having been properly commenced within six months. The trial court held a hearing and thereafter sustained the motion. Mr. Scieszinski appealed. See rule 105, R.C.P.

I. Mr. Scieszinski first argues that the answer filed does not raise the limitations question, but we think his reading of the answer is too narrow. The answer, the motion, and the contents of the file clearly present the limitations question. We have no doubt that all participants knew exactly what the issue was. Since notice is the prime purpose of pleadings, and averments of pleadings are to be "simple, concise, and direct," rule 69(b), R.C.P., we hold that the officer and city raised the limitations question.

II. The problem therefore is whether a party may intentionally bury an action until a later date and then escape the bar of an intervening limitations statute on the ground that the petition itself was technically "filed" before the limitations period expired. We think not. We agree with the trial court that this would frustrate the basic purpose of limitations statutes.

Previously an action was commenced for limitations purposes by service of the original notice (with certain exceptions not involved here). Code 1975, rules 48, 49, R.C.P. Hardship sometimes resulted, as where an officer made a mistake in service and the period of limitations then expired. E. g. *Thompson v. Butler*, 214 Iowa 1123, 243 N.W. 164. To relieve this hardship, the rules on commencement of actions were amended to state that the plaintiff commences an action, for limitation purposes, by filing the petition with the court. Code 1977, rules 48, 55. Rules 48 and 55 cannot, however, be read in isolation. Under rule 49(a), the petition and copy, the original notice and copy, and directions for service "shall" be delivered to the clerk "with the petition." Under rule 49(b), the clerk "shall forthwith" deliver for service the copy of the petition and the original notice and copy, and shall also forthwith deliver the directions for service.

Mr. Scieszinski argues that the amendment's purpose of relieving hardship would be stultified if a plaintiff had more responsibility than merely to file the petition with the clerk, citing I Vestal & Willson, Iowa Practice, § 10.07(1) at 19–20, 24 (1977 Supp.).

We have no intention to retreat from the advance made in the amendment. Here however we have an unusual case. We do not have a bungle by a clerk while processing papers or a botch by an officer in delivering them. We have an intentional bypass by a plaintiff of some of the steps for starting an action—the requirements for contemporaneously placing in the clerk's hands the petition and the notice papers and for prompt delivery of those papers by the clerk to the serving officer. The plan for starting actions contemplates that ordinarily the defendants will promptly learn of the action, but this objective is defeated if the plaintiff intentionally makes its accomplishment impossible.

Mr. Scieszinski cites federal cases holding that under rule 41(b), Federal Rules of Civil Procedure, a federal court will not dismiss an action for want of prosecution for late service of summons except in unusual cases. Decisions of this kind include *Fitzgerald v. Appolonia*, 323 F.Supp. 1269 (E.D.Pa.), and *Elizabethtown Trust Co. v. Konschak*, 267 F.Supp. 46 (E.D.Pa.). In those cases however the plaintiff did not deliberately defeat the prompt issuance or service of summons. The federal courts distinguish delay in service of process traceable to the plaintiff's intentional act from delay attributable to other causes such as the clerk's neglect. The subject is considered in 2 Moore, Federal Practice, ¶ 4.06–1 at 4–76 to 4–84 (2d ed.), and 4 Wright & Miller, Federal Practice & Procedure, § 1086 at 341–343 (1969). See also Note, 62 Iowa L.Rev. 192, 218–219.

True, rule 55 states that filing the petition commences an action for statute of limitations purposes. But companion rule 49 contemplates that when a petition is filed, the defendants shall ordinarily receive the papers promptly. Mr. Scieszinski intentionally defeated that plan. We agree with the trial court that in these circumstances the filing of the petition was not enough alone to toll the statute of limitations.

AFFIRMED.