Arlo BECKER and Judith Becker
d/b/a B & B Enterprises,
Plaintiffs-Appellees,

v.

STAR AUTO, INC., S & S Homes, Inc., Defendants,

Chrysler Corporation and Dodge, A Division of Chrysler Corporation, Defendants-Appellants.

No. 84–1956.

Court of Appeals of Iowa.

Sept. 24, 1985.

Mark J. Wiedenfeld, of Grefe & Sidney, Des Moines, for defendants-appellants.

Mark S. Schoeller, of Schoeller Law Office, Clear Lake, for plaintiffs-appellees.

Considered by OXBERGER, C.J., and SNELL, and HAYDEN, JJ.

SNELL, Judge.

Plaintiffs Beckers purchased a Sprinter motor home on February 9, 1977, which allegedly malfunctioned on February 23, 1977. On February 9, 1982, Beckers filed a petition seeking damages for personal injury, loss of consortium, and property damage arising out of the vehicle malfunction. Beckers made no attempt to serve any of the four defendants at that time.

On August 23, 1983, Beckers received a try-or-dismiss notice pursuant to Iowa R.Civ.P. 215.1. Beckers moved for a continuance stating in the motion:

1. That since the time of filing of this lawsuit the plaintiffs have had difficulty in obtaining service over the defendants as two of the defendant corporations have ceased doing business.

2. That service has not been affected (sic) on any of the defendants herein however, it is anticipated that service will shortly be made upon Chrysler Corporation and Dodge, a Division of Chrysler Corporation by service upon the registered agent in the State of Iowa.

3. That as no defendant has been served or appeared in this matter there would be no prejudice to the defendants by granting a continuance in this matter.

The trial court granted the continuance.

On August 20, 1984, defendant Chrysler Corporation's registered agent was personally served with the petition and original notice. Chrysler moved to dismiss on the ground that the applicable statutes of limitations had expired. The trial court dismissed the counts in the petition making claims for personal injury and loss of consortium, but overruled the motion to dismiss as to the property damage counts.

Chrysler then moved for summary judgment contending that the delay of service precluded Beckers from escaping the bar of the statute of limitations. Beckers resisted the motion. The trial court denied Chrysler's motion for summary judgment.

Chrysler appeals from this denial. Chrysler alleges that the Beckers did not promptly accomplish service, therefore, the statute of limitations was not tolled by the filing of the petition and the Beckers' claim is barred.

Summary judgment is proper when there is no genuine issue of fact and the moving party is entitled to judgment as a matter of law. Iowa R.Civ.P. 237(c). In reviewing the grant of a summary judgment motion, we must determine whether a genuine issue of material fact exists and whether the law was correctly applied. *Adam v. Mt. Pleasant Bank & Trust Co.*, 355 N.W.2d 868, 872 (Iowa 1984). In *Daboll v. Hoden*, 222 N.W.2d 727 (Iowa 1974), the Iowa Supreme Court stated:

The purpose of the rule is to avoid useless trials. Where there is no genuine issue of fact to be decided, the party with a just cause should be able to obtain a judgment promptly and without the expense and delay of a trial. [citations] In ruling on a motion for summary judgment, the court's function is to determine whether such a genuine issue exists, not to decide the merits of one which does.

*Id.* at 731.

In order to rule upon such motion, the trial court must examine the entire record before it, including the pleadings, admissions, depositions, answers to interrogatories, and affidavits, if any. *Drainage Dist. No. 119 v. Incorporated City of Spencer*, 268 N.W.2d 493, 499 (Iowa 1978). The burden to show the absence of any genuine issue of material fact is upon the moving party. The record is viewed in the light most favorable to the opposing party. *Swets Motor Sales, Inc. v. Pruisner*, 236 N.W.2d 299, 304 (Iowa 1975). However, to successfully resist a motion for summary judgment, the resisting party must set forth specific evidentiary facts showing the existence of a genuine issue of material fact. *Liska v. First Nat. Bank*, 310 N.W.2d 531, 534 (Iowa Ct.App.1981). He cannot rest on the mere allegations or deni-

als of the pleadings. *Id.;* Iowa R.Civ.P. 237(c).

Iowa R.Civ.P. 48 provides that "A civil action is commenced by filing a petition with the court." Iowa R.Civ.P. 55 reiterates that the filing of a petition shall be deemed commencement of the action for the purpose of determining whether an action has been commenced within the time allowed by the governing statute of limitations. While these rules contain no provision limiting the time for service of the original notice once the petition is filed, the Iowa Supreme Court has determined that the rules contemplate that defendants will receive service promptly. *Scieszinski v. City of Wilton*, 270 N.W.2d 450, 453 (Iowa 1978).

To reach this conclusion, the court relied in part on Iowa R.Civ.P. 49's mandate:

(a) Written directions for the service of the original notice and copy of petition *shall* be delivered to the clerk *with the petition.* There *shall* also be delivered to the clerk *with the petition* the original notice to be served and sufficient copies of both. . . .

(b) *Upon the filing* of the petition the clerk *shall forthwith* deliver for service the original notice and copies, copies of the petition, and the directions for service to the sheriff, to a person specially appointed to serve it, or other appropriate person. . . . (emphasis added.)

However, the court acknowledged that not every delay in service of process will warrant dismissal of an action for want of prosecution. It noted that federal courts distinguish between delay in service of process traceable to the plaintiff's intentional act and delay attributable to other causes such as the clerk's neglect. *Id.* at 453. In *Scieszinski,* the plaintiff deliberately defeated the prompt issuance and service of summons by filing his petition, without the original notice, just shy of the running of the limitations period. He also filed an ex parte court order requiring the clerk to seal the petition. The court concluded that a party may not "intentionally bury an action until a later date and then escape the bar

of an intervening limitations statute on the ground that the petition itself was technically 'filed' before the limitations period expired." *Id.* at 452. To hold otherwise "would frustrate the basic purpose of limitations statutes" which is to allow a defendant an opportunity to investigate the claim and prepare its defense. *Id.*

Iowa has also recognized by statute the need for due diligence in the issuance of process. Iowa R.Civ.P. 215.1 provides in pertinent part:

It is the declared policy that in the exercise of reasonable diligence every civil and special action, except under unusual circumstances, shall be brought to issue and tried within one year from the date it is filed and docketed and in most instances within a shorter time. . . . All such cases shall be assigned and tried or dismissed without prejudice at plaintiff's costs unless satisfactory reasons for want of prosecution or grounds for continuance be shown by application and ruling thereon after notice and not ex parte. . . . The case shall not be dismissed if there is a timely showing that the original notice and petition have not been served and that the party resisting dismissal has used due diligence in attempting to cause process to be served.

A number of cases inother jurisdictions have also recognized that it is necessary for courts to inquire into the matter of due diligence in service of process to determine if filing of a petition should be sufficient to toll the limitations period. These are discussed at length in 2 Moore, *Federal Practice,* ¶ 3.07, ¶ 4.06–1 [4.–3–2] (2d ed. 1985).

In the present case, Chrysler met its initial burden by establishing its entitlement to summary judgment. It is undisputed that the petition was filed on February 9, 1982, two weeks short of the running of the limitations period. Iowa Code section 614.1(4) (1985) provides that an action for injury to property must be brought within five years after its cause accrues. It is also undisputed that Chrysler had a registered agent for service of process on that date, yet was not served until more

than two and one-half years later on August 20, 1984.

From the foregoing legal discussion, it is clear that to withstand Chrysler's motion for summary judgment, the Beckers have to show specific evidentiary facts indicating they served process upon Chrysler promptly after filing the petition or good cause for not so doing.

The Beckers filed a resistance to Chrysler's motion which stated:

> That a review of the pleadings on file herein, the resistance to the motion and the brief and affidavit in support thereof indicate that there is a genuine issue as to material fact and that the moving party is not entitled to a judgment as a matter of law.

The resistance was not accompanied by any affidavits supporting the Beckers' contention on appeal that the delay of service on Chrysler was for good cause.

The Beckers cannot rely merely on the allegations of the pleadings to justify their belated accomplishment of service of process on Chrysler. The service involved here was not effected for more than seven years following the date of the accident, more than two and a half years after the petition was filed, and over one year after the Beckers received a continuance based on their claim that "service will shortly be made upon Chrysler Corporation."

We conclude that under these circumstances the filing of the petition was not enough to toll the statute of limitations. Because the Beckers did not sustain the burden of showing a genuine issue of material fact, Chrysler's motion for summary judgment is granted.

REVERSED.