**Linda TAYLOR, Appellant,**

v.

**Dean WIEBOLD, Appellee.**

No. 85–1661.

Supreme Court of Iowa.

July 23, 1986.

John T. Nolan of Rate, Nolan, Bohanan, Moen & Lucas, Iowa City, for appellant.

Brad J. Brady of Crawford, Sullivan, Read & Roemerman, Cedar Rapids, for appellee.

Considered by REYNOLDSON, C.J., and HARRIS, LARSON, SCHULTZ, and WOLLE, JJ.

LARSON, Justice.

The plaintiff, Linda Taylor, was bitten by the defendant's dog on June 8, 1978. At the time, she was a minor and, under Iowa Code section 614.8, the statute of limitations on her claim was tolled until one year following her majority. That date was December 8, 1984. On December 7, 1984, Taylor filed her petition in district court together with an original notice. Her attorney at that time, Michael Megan, did not include directions for service of the notice, however, as required by Iowa Rule of Civil Procedure 49(a). An original notice was not served on the defendant until some seven months later; in the meantime, the statute of limitations had expired.

Wiebold filed a motion for summary judgment on the ground that the filing of the petition alone, without the accompanying instruments required by rule 49(a) (primarily directions for service of original notice) did not constitute a commencement of the action for purposes of the statute of limitations. The district court, relying on our case of *Scieszinski v. City of Wilton*, 270 N.W.2d 450 (Iowa 1978), held that the filing of the petition did not constitute a commencement of the action under the circumstances of this case, and held the claim was barred. We reverse and remand.

Under our practice predating 1975, an action was "commenced" by serving the defendant with an original notice, without regard to when the petition was filed. *See* Iowa R.Civ.P. 48 (1975). In 1975, the pertinent rules were changed. Rule 48 now provides that an action is commenced "by filing a petition with the court." Present rule 55, moreover, says this with respect to statutes of limitations:

> For the purpose of determining whether an action has been commenced within the time allowed by statutes for limitation of actions, whether the limitation inheres in the statutes creating the remedy or not, the filing of a petition shall be deemed a commencement of the action.

Despite the language of rule 55 we held in *Scieszinski* that a statute of limitation could not be avoided by the filing of a petition if there was an intentional failure to serve the original notice. In *Scienszinski*, the plaintiff had filed his petition within the limitations period. At the time it was filed, however, he also filed a motion and an ex parte order requiring the clerk to seal the petition, motion, and order. Later, after the statute of limitations had expired, the plaintiff attempted to reactivate the case. The district court ruled it was barred by the statute of limitations, and we affirmed. In the present case, the defendant relies heavily on *Scieszinski* to support the trial court's dismissal of the plaintiff's case.

*Scieszinski*, however, made it clear that it was to be applied very narrowly, in cases where the failure to comply with rule 49(b) is intentional. We noted the harshness of the old rules requiring service of the notice in order to commence an action and emphasized the desirability of tying the com-

mencement of the action to the filing of the petition as provided by the 1975 amendment. We then said:

> We have no intention to retreat from the advance made in the [1975] amendment. Here however we have an unusual case. We do not have a bungle by a clerk while processing papers or a botch by an officer in delivering them. We have an intentional bypass by a plaintiff of some of the steps for starting an action—the requirements for contemporaneously placing in the clerk's hands the petition and the notice papers and for prompt delivery of those papers by the clerk to the serving officer. The plan for starting actions contemplates that ordinarily the defendants will promptly learn of the action, but this objective is defeated if the plaintiff intentionally makes its accomplishment impossible.

*Scieszinski,* 270 N.W.2d at 452.

An analogous federal rule provides that:

> [u]pon the filing of the complaint the clerk shall *forthwith* issue a summons and deliver the summons to the plaintiff or the plaintiff's attorney, who shall be responsible for prompt service of the summons and a copy of the complaint. Upon request of the plaintiff separate or additional summons shall issue against any defendants.

Fed.R.Civ.P. 4(a) (emphasis added).

As we noted in *Scieszinski,* federal cases interpreting the "forthwith" language of this rule, and its predecessor, have drawn a distinction between those cases in which the delay is traceable to a plaintiff's intentional act and those where the delay is attributable to other causes. *Scieszinski,* 270 N.W.2d at 453. *See also* 4 Wright & Miller, *Federal Practice & Procedure* § 1086, at 341–43 (1969).

Here, there was no evidence of an intentional delay on the part of the plaintiff; *Scieszinski* is therefore not controlling. Based on rules 48 and 55, we hold that the filing of the petition in this case commenced the action within the period of limitations.

We are mindful of the argument by Wiebold that, to allow a statute of limitations to be avoided under these circumstances would tend to frustrate the speedy disposition of cases. On the other hand, rules 48 and 55 are clear; an action is commenced by filing of the petition, at least in the absence of intentional delay.

In any event, this result does not leave a defendant, or the court, without a remedy. For example, federal cases have ordered dismissal of actions for failure to timely serve notice under the provisions of the federal dismissal statute, Fed.R.Civ.P. 41(b), the federal counterpart to our rule 216. *See generally* Wright & Miller, *supra,* § 1086, at 341–42 (sanctions for failure to comply with service requirements). Also, a case such as this may be subject to dismissal under our mandatory dismissal rule, Iowa Rule of Civil Procedure 215.1, under which the running of the time for trial begins with the filing of the petition rather than the service of notice.

We conclude the trial court erred in granting summary judgment. We reverse and remand for further proceedings in accordance with this opinion.

REVERSED AND REMANDED.

All Justices concur except WOLLE, J., who dissents.

WOLLE, Justice (dissenting).

In *Scieszinski v. City of Wilton,* 270 N.W.2d 450 (Iowa 1978), our court construed and applied Iowa Rules of Civil Procedure 48, 49, and 55 to determine whether the filing of a petition, without more, tolled the running of a statute of limitation. Notwithstanding the tolling language of rule 55, we held the action was barred because the record showed that the plaintiff had intentionally failed to serve the original notice. *Id.* at 453. We explained:

> The plan for starting actions contemplates that ordinarily the defendants will promptly learn of the action, but this objective is defeated if the plaintiff intentionally makes its accomplishment impossible.

*Id.* at 452.

The majority distinguishes *Scieszinski* on the ground that in this case there was

no evidence that the plaintiff deliberately defeated the prompt issuance and service of process on the defendant. It is critical to note, however, that while there was no evidence here of an intentional delay on the part of the plaintiff, neither did the plaintiff offer any explanation whatsoever why she did not have this notice served promptly, as required by rule 49. We do know from this record that the object of prompt service which our rules promote was defeated, service not having been accomplished until some seven months after the petition was filed.

I agree with the recent decision of the Iowa Court of Appeals in *Becker v. Star Auto, Inc.*, 376 N.W.2d 645 (Iowa Ct.App. 1985), which placed the burden upon the plaintiff to demonstrate good cause for not promptly accomplishing service of process upon a defendant. *Id.* at 648. Like *Scieszinski, Becker,* and authorities construing the former federal rules of civil procedure which were similar to our present rules, I would "distinguish between delay in service of process traceable to the plaintiff's intentional act and delay attributable to other causes such as the clerk's neglect." *Becker,* 376 N.W.2d at 647; *see Scieszinski,* 270 N.W.2d at 453. *See generally* 2 Moore *Federal Practice,* ¶ 3.07 (2d ed. 1986).

The plaintiff is certainly in the best position to know why she did not deliver to the clerk of court with the petition written directions for the service of the original notice and copy of petition, as required by rule 49(a) which provides in pertinent part: "Written directions for the service of the original notice and copy of petition shall be delivered to the clerk with the petition." To accomplish the spirit and purpose of our *Scieszinski* holding, we should place the burden of proof on the plaintiff to establish that she had an acceptable reason for failing to comply with the important requirement of our rules that she initiate service of process when filing her petition.

In short, I would turn this case on what the record demonstrates. Intentional delay would not be an acceptable reason, nor would any other excuse which demonstrated that the plaintiff had not in good faith intended to have a defendant promptly served. *See, e.g., Murphy v. Citizens Bank of Clovis,* 244 F.2d 511, 512 (10th Cir.1957) (delay of one year between filing and service coupled with fact that suit was filed solely for the purpose of tolling statute of limitations evidenced a lack of diligency); *Caribbean Construction Corp. v. Kennedy Van Saun Manufacturing & Engineering Corp.,* 13 F.R.D. 124, 126–27 (S.D.N.Y.1952) (plaintiff's 17–day delay in service in order to get priority in taking depositions constituted lack of due diligence); *De-Gas, Inc. v. Midland Resources,* 470 So.2d 1218, 1221–22 (Ala.1985) (plaintiff's failure to pay statutory filing fee demonstrated lack of bona fide intent necessary for the statute of limitations to be tolled); *Ward v. Saben Appliance Co.,* 391 So.2d 1030, 1034–35 (Ala.1980) (plaintiff's direction to clerk to withhold service until her attorney could further investigate the claim indicated that the complaint was not filed with bona fide intention that it be served immediately; statute of limitations was not tolled).

For these reasons, I would affirm the district court's grant of summary judgment for the defendant.