In the Matter of the ESTATE OF Gayford H. STEINBERG, Deceased.

Genevieve PARISEAU, Appellant,

v.

FIRST NATIONAL BANK OF COUNCIL BLUFFS, Executor of the Estate of Gayford H. Steinberg, Deceased, Appellee.

No. 88–1089.

Supreme Court of Iowa.

July 19, 1989.

Clarence B. Meldrum, Jr., Council Bluffs and John J. Respeliers, Omaha, Neb., for appellant.

Oscar O. Over of Over, Over & Over, Council Bluffs, for appellee.

Considered by McGIVERIN, C.J., and HARRIS, SCHULTZ, LAVORATO and SNELL, JJ.

McGIVERIN, Chief Justice.

Appellant, Genevieve Pariseau, is the daughter of Gayford H. Steinberg, deceased. After Gayford's will was admitted to probate, Genevieve filed a claim in her father's estate and also filed an action to set aside the will. The district court dismissed Genevieve's petition to set aside the probate of the will as untimely. The court also dismissed her claim in probate due to failure to name the executor as defendant. Genevieve appealed, and we reverse.

I. *Background facts and proceedings.* The following facts can be discerned from the district court's post-ruling statement of proceedings. Iowa R.App.P. 10(c).

Gayford H. Steinberg died on July 26, 1987. A will of the decedent was admitted to probate on September 21, and First National Bank of Council Bluffs was appointed executor on that date. Notice of probate of the will and appointment of executor was published on September 25 and October 2.

On February 2, 1988, the last date upon which an action to set aside the will could be filed, Genevieve filed an "application" to contest probate of the will. An original notice was not filed with the application, however, and service was not perfected. Notice of the action was not provided to any of the other interested parties under the will. *See* Iowa Code § 633.312 (1987).

Also, on February 2, Genevieve filed a claim against the estate entitled "Genevieve Pariseau, claimant, vs. the Estate of Gayford Steinberg."

On March 10 the executor filed a resistance to the application to contest probate of the will, and a motion to dismiss Genevieve's claim in probate.

The district court found Genevieve's application failed to comply in a timely fashion with Iowa Code section 633.309, and sustained the executor's resistance to the application. The district court also dismissed Genevieve's claim in probate for the

reason that it was improperly captioned against the estate of Gayford Steinberg, rather than against the executor of the estate.

Genevieve, who is now represented by new counsel, appealed as to both of these rulings.

■ II. *Dismissal of the petition to set aside the will.* Iowa Code section 633.308 provides that a person "may petition to set aside the probate of a will by filing a written petition in the probate proceedings." Iowa Code section 633.309, in turn, provides that such an action must be commenced within four months from the date of the second publication of notice of admission of the will to probate. *See* Iowa Code § 633.304. The executor concedes that Genevieve filed her petition within the four month limitation of section 633.309, but contends that her failure to provide an original notice when filing her petition prevented the tolling of this limitations statute.

In *Ritter v. Dagel,* 261 Iowa 870, 878, 156 N.W.2d 318, 323 (1968), relied on by the trial court when dismissing Genevieve's application, we held that the mere filing of a petition to set aside a will was not sufficient and that notice must also be served of the filing of a petition in order to avoid the running of the statute of limitations. At that time, our general rules of civil procedure required filing of the petition and service of original notice within the limitations period. Iowa R.Civ.P. 48, 49 (1966). Since the *Ritter* case was decided, we have amended our rules of civil procedure. *See* 1975 Iowa Acts ch. 260. Thus, it is necessary that we readdress this question.

Actions to set aside a will are triable in the probate court as actions at law, and the rules of civil procedure apply. Iowa Code § 633.311. Current Iowa Rule of Civil Procedure 48 provides that "[a] civil action is commenced by filing a petition with the court." Iowa Rule of Civil Procedure 55, furthermore, provides that "[f]or the purpose of determining whether an action has been commenced within the time allowed by statutes for limitation of actions, ... the

filing of a petition shall be deemed a commencement of the action."

In addition to these rules, however, the executor directs our attention to current Iowa Rule of Civil Procedure 49 and contends that rules 48 and 55 must be read together with rule 49.

Iowa Rule of Civil Procedure 49 in part provides:

(a) Written directions for the service of the original notice and copy of petition *shall* be delivered to the clerk *with the petition.* There *shall* also be delivered to the clerk *with the petition* the original notice to be served and sufficient copies of both....

(b) Upon the filing of the petition the clerk *shall forthwith* deliver for service the original notice and copies of the petition, and the directions for service to the sheriff, to a person specially appointed to serve it, or other appropriate person....

(Emphasis added.)

The executor contends that Genevieve's failure to deliver an original notice to the clerk with the petition in compliance with rule 49 prevented her from tolling the statute of limitations; thus she did not timely file a petition to contest probate of the will.

In *Scieszinski v. City of Wilton,* 270 N.W.2d 450, 452 (Iowa 1978), we noted that under the prior rules of civil procedure an action was commenced for limitations purposes by service of the original notice. These rules were amended in 1975 to allow commencement of an action, for limitations purposes, to begin with filing of the petition with the court. This change was intended to prevent the hardships which sometimes resulted when prompt service was not effectuated and the period of limitations expired. *Id.*

In *Scieszinski,* the plaintiff filed an eleventh-hour petition seeking damages from the city of Wilton and one of its officers. Rather than filing an original notice with the petition, however, the plaintiff filed a motion together with an ex parte court order requiring the clerk to seal the petition, motion and order. The city subsequently claimed, based upon rule 49, that the plaintiff had failed to commence his

action within the period of the statute of limitations. In response, the plaintiff asserted that his technical compliance with rule 55 tolled the running of the statute of limitations. *Id.* The district court nevertheless dismissed the plaintiff's action.

In the plaintiff's appeal, we recognized the salutary intentions of the amended rule, and then observed:

We have no intention to retreat from the advance made in the amendment. Here however we have an unusual case. We do not have a bungle by a clerk while processing papers or a botch by an officer in delivering them. We have an intentional bypass by a plaintiff of some of the steps for starting an action—the requirements for contemporaneously placing in the clerk's hands the petition and the notice papers and for prompt delivery of those papers by the clerk to the serving officer.

*Id.*

Under the circumstances of that case, we held that the plaintiff intentionally defeated the prompt issuance or service of summons; therefore, the filing of the petition alone was not enough to toll the statute of limitations. *Id.* at 453; *see also Becker v. Star Auto, Inc.,* 376 N.W.2d 645, 648 (Iowa App.1985).

The issue concerning timely commencement of an action was again raised in *Taylor v. Wiebold,* 390 N.W.2d 128 (Iowa 1986). In *Taylor* we noted that federal cases interpreting Federal Rule of Civil Procedure 4(a), the federal counterpart to Iowa Rule of Civil Procedure 49(b), had drawn a distinction between those cases in which delay was traceable to a plaintiff's intentional act and those where the delay was attributable to other causes. *Taylor,* 390 N.W.2d at 130 (citing 4 C. Wright and A. Miller, *Federal Practice and Procedure* § 1086, at 341–43 (1969)). Under the facts in *Taylor,* we found that there was no evidence of intentional delay on the part of the plaintiff; therefore current rules 48 and 55 applied, and the filing of the petition alone commenced the action within the period of limitations. *Id.*

As our decisions in *Taylor* and *Scieszinski* illustrate, our rules of civil procedure

do not specifically address when service must be accomplished. It is clear, however, that dismissal will be imposed if abusive delay results. Federal courts have wrestled with similar questions under Federal Rule of Civil Procedure 4. *See* 4A C. Wright & A. Miller, *Federal Practice and Procedure* § 1086, at 23 (1987). Much of the confusion in applying the federal rules has been eliminated since 1983 when Federal Rule of Civil Procedure 4 was amended to provide that service is considered "prompt" if made within 120 days of the filing of the complaint. Fed.R.Civ.P. 4(j); *Thomsen v. United Parcel Serv. Inc., Local 710*, 792 F.2d 115, 118 (8th Cir.1986).

We find *Taylor* controlling in the present action. There exists no evidence under the present record of any intentional delay in obtaining service of notice on the part of the plaintiff. Furthermore, only 37 days had elapsed before the executor moved to dismiss Genevieve's petition. We believe that such a quick dismissal of Genevieve's petition under these circumstances frustrates the purposes of the amended rules. Based on rules 48 and 55, we conclude that filing the petition, in the present case, commenced the action within the period of limitations. Therefore, the district court's order dismissing the petition on this ground is reversed.

Regarding the executor's other challenges to the petition, we find such contentions were either not properly presented before the district court or otherwise do not warrant dismissal of the petition.

■ III. *Dismissal of claim in probate.* Iowa Code section 633.420 provides, "All claims filed against the estate shall be entitled in the name of the claimant against the personal representative as such, naming the estate, and in all further proceedings thereon that title shall be preserved." Based upon that section, the district court dismissed Genevieve's claim in probate, which was entitled against the estate only. In all other respects, Genevieve's claim complied with the requirements of the Iowa Probate Code. *See* Iowa Code § 633.418.

In *Wise v. Outtrim*, 139 Iowa 192, 199, 117 N.W. 264, 267 (1908), we considered an objection to an amended petition, in part, because it was not properly entitled with the name of the plaintiff and defendant. In *Wise* we found that the statutory provisions upon which the executor relied in seeking a dismissal of the claim were directory only and that the failure to observe them affected neither the jurisdiction of the court nor the claimant's right of action. *Id.; See also Estate of Entler*, 398 N.W.2d 848, 850 (Iowa 1987).

Our reasoning in *Wise* is in accord with our present Iowa Rule of Civil Procedure 67 which provides:

All common counts, general issues, demurrers, fictions and technical forms of action or pleading, are abolished. The form and sufficiency of all motions and pleadings shall be determined by these rules, construed and enforced to secure a just, speedy and inexpensive determination of all controversies on their merits.

Rule 67 and our other rules of civil procedure apply in contested claims proceedings in probate. *See* Iowa Code §§ 633.33, 633.34.

■ We believe Iowa Code section 633.420 is directory rather than mandatory and that failure to strictly comply with its provisions does not subject the claim to dismissal. Rather, an attack concerning the form of claims based upon section 633.420 may be properly made under Iowa Rule of Civil Procedure 81 as a request for correction or recasting of the pleadings.

IV. *Disposition.* We conclude that Genevieve's petition, filed February 2, 1988, to set aside the probate of the will tolled the statute of limitations, notwithstanding her failure to simultaneously file an original notice with the clerk of the district court. Furthermore, we conclude that Genevieve's claim in probate entitled against the estate only was not subject to dismissal for that reason alone. Therefore, we reverse the rulings of the district court and remand this action for further appropriate proceedings.

REVERSED AND REMANDED.