**Paul E. BEAN, Appellant,**

v.

**MIDWEST BATTERY & METAL, INC., Appellee.**

**No. 89–29.**

Supreme Court of Iowa.

Dec. 20, 1989.

Russell A. Dircks of Dircks, Ridenour, Norman & Macek, Davenport, for appellant.

Roger A. Lathrop and Vicki L. Seeck of Betty, Neuman & McMahon, Davenport, for appellee.

Considered by McGIVERIN, C.J., and HARRIS, LARSON, SCHULTZ, and ANDREASEN, JJ.

HARRIS, Justice.

According to an old lawyers' adage, terrible problems with service of original notice inevitably arise in suits brought on the eve of the running of limitations. This case confirms the adage. The trial court dismissed this "last-minute" suit because for eight months the plaintiff made no effort to serve defendant with an original notice. We affirm.

In 1975 we extensively revised the procedural rules relating to commencing actions. We did so in the hope of removing terrors which, on highly technical grounds, formerly ended lawsuits even as they began. *See* Note, *Procedural Changes Concerning Commencement of Civil Litigation: Adrift with Rudder and Compass in Iowa*, 62 Iowa L.Rev. 192 (1976). Nevertheless, even under the present, liberalized system, it is possible to get to the courthouse on time and to fail to commence suit.

Plaintiff Paul E. Bean brought this slip-and-fall suit on February 17, 1988. This was two years to the day after the event, the last day on which suit could be commenced. *See* Iowa Code § 614.1(2) (1987). A lawsuit is commenced by the filing of the petition. Iowa R.C.P. 48. A person bringing suit has a further obligation, however, which was ignored here for more than eight months.

Under rule of civil procedure 49 (modeled after federal rule 4) a plaintiff, when filing the petition, is obliged to deliver to the clerk "[w]ritten directions for the service of the original notice and a copy of the petition." Rule 49(a) continues: "There shall also be delivered to the clerk with the petition the original notice to be served and sufficient copies of both." Rule 49(b) requires the clerk to "forthwith deliver for service the original notice and copies, copies of the petition, and the directions for service to the sheriff" or other appropriate person for service.

The requirements of rule 49 were totally ignored in the present case. After the petition. Iowa R.Civ.P. 48. A person bringing no action on the case until the following August 1, when the court entered a 120 day notice of trial-setting conference [1] for November 28, 1988. The trial-setting conference was held without defendant's par-

---

**1.** On June 16, 1987, this court issued an administrative directive to implement time standards for litigation in Iowa's courts. Under that directive a trial-setting conference is to be set on notice, 120 days after the petition is filed.

ticipation. Trial was set for March 20, 1989. The process server did not receive the original notice in this case until October 26, 1988, and served it the following day. Proof of service was filed November 1.

On November 27, 1988, defendant moved to dismiss because the service requirements of rule 49 had been ignored. The motion was set for nonoral submission.[2] Although plaintiff now complains that the motion should have been set for oral submission, he made no protest at the time. Plaintiff did file a resistance to the motion the day before it was submitted which asserted no explanation or claimed justification for his long delay. Rather the resistance rested on plaintiff's claim that, under the sketchy record, the court was without authority to dismiss.

We discussed amended rule 49 in two cases. *Scieszinski v. City of Wilton*, 270 N.W.2d 450 (Iowa 1978), involved a deliberate withholding of process by a plaintiff. Faced with a sixty-day limitation statute, Scieszinski filed his petition on time, accompanied however with a motion and ex parte court order requiring the clerk to seal the petition, motion, order, and original notice. For reasons mentioned in our opinion Scieszinski later obtained another court order, vacating the prior one. Some three months after the petition had been filed and sealed the papers were released and the original notice was served. We held that the action was not started. We stated this was because of the:

> intentional bypass by a plaintiff of some of the steps for starting an action—the requirements for contemporaneously placing in the clerk's hands the petition and the notice papers and for prompt delivery of those papers by the clerk to the serving officer. The plan for starting actions contemplates that ordinarily the defendants will promptly learn of the action.

*Id.* at 452.

In *Taylor v. Wiebold*, 390 N.W.2d 128 (Iowa 1986), we reviewed a grant of sum-

mary judgment. An original notice was filed with the petition but there were no directions for service of the notice (required under rule 49) and notice was not served for seven months. The defendant in *Taylor* did not move to dismiss and did not directly question personal jurisdiction because of the notice requirements. Taylor's claim was that summary judgment should be entered because the statute of limitations had expired because it had not been tolled by the mere filing of the petition. In rejecting defendant's contention we pointed out:

> [T]his result does not leave a defendant, or the court, without a remedy. For example, federal cases have ordered dismissal of actions for failure to timely serve notice under the provisions of the federal statute....

*Id.* at 130 (citations omitted).

We reviewed our *Scieszinski* and *Taylor* decisions in *Matter of Steinberg*, 443 N.W.2d 711 (Iowa 1989), an action to set aside the probate of a will. A petition to set aside the will was filed within a four-month statute of limitations but plaintiff did not contemporaneously deposit the original notice. Service of original notice was delayed thirty-seven days. Because only thirty-seven days were involved, and because it did not appear that the delay was obtained by the plaintiff, we applied the rule in *Taylor* rather than the rule in *Scieszinski*. We reversed the trial court's dismissal of the petition. *Id.* at 714.

In both *Taylor* and *Steinberg*, citing 4A C. Wright & A. Miller, *Federal Practice and Procedure* § 1086 at 23 (1987), we pointed out that dismissal will be imposed if abusive delay results. *Taylor*, 390 N.W.2d at 130; *Steinberg*, 443 N.W.2d at 713.

■ We think an eight-month delay is presumptively abusive. A case might be

---

**2.** Iowa rule of civil procedure 117 requires trial courts to schedule motion days in order to dispose of pending motions on a regular basis. Under a local court rule litigants can file advanced written applications for oral arguments on motions. In the absence of a written application motions will be submitted nonorally. Notice of nonoral submission was given in this case.

imagined in which so long a delay could be justified,[3] but no justification was offered here. As mentioned, plaintiff seeks to blame the trial court for the absence of a record. We however think plaintiff cannot fairly blame the trial court for failing to set an oral hearing on a motion when none was requested. A busy trial court, processing pending motions on a regular motion day, can scarcely be expected to accord such unsolicited protection.

 This brings us at last to deciding who must answer for the absence of a record justifying the long delay. We think, when a delay is so protracted as to become presumptively abusive, the burden should fall upon a plaintiff to justify it. Plaintiff here should have supplied a justification, either in his resistance, or by a record made on oral submission. Because he did not we find the eight-month delay was not justified.

AFFIRMED.

---

**3.** We explained in *Steinberg* that the federal courts eliminated much confusion in 1983 by a rule amendment which requires dismissal without prejudice when service is not made within 120 days. 443 N.W.2d at 714.