**Deborah Jean DENNIS, Appellee,**

v.

**Jill CHRISTIANSON and Jan's Vans, Appellants.**

**No. 90–1547.**

Supreme Court of Iowa.

March 18, 1992.

Stephen D. Hardy and Daniel J. Hanson of Grefe and Sidney, Des Moines, for appellants.

Steven L. Addington of Duffy and Addington Law Office, Des Moines, for appellee.

Considered by McGIVERIN, C.J., and LARSON, SCHULTZ, CARTER, and SNELL, JJ.

McGIVERIN, Chief Justice.

Defendants Jill Christianson and Jan's Vans filed motions to dismiss plaintiff Deborah Jean Dennis' lawsuit. Defendants claimed they were entitled to dismissal, due to untimely service, because they were not served with original notices of the filing of Dennis' petition until over two and one-half years after the petition was filed. *See* Iowa R.Civ.P. 104(a). The district court overruled defendants' motions to dismiss, reasoning that Dennis had shown adequate justification for her failure to timely serve defendants. We reverse and remand with instructions that the district court dismiss plaintiff's petition.

I. *Background facts and proceedings.* On December 28, 1985, plaintiff Deborah Jean Dennis was allegedly involved in an automobile accident in Polk County, Iowa, with a vehicle driven by defendant Jill Christianson. Dennis filed a petition against Jill and defendant Jan's Vans, owner of the vehicle Jill was driving at the time of the accident, seeking recovery for personal injuries. *See* Iowa R.Civ.P. 48. The petition was filed on December 28, 1987, two years to the day after the alleged accident, and the last day on which suit could be commenced before expiration of the applicable statute of limitations. *See* Iowa Code § 614.1(2) (1987).

Upon filing her petition, Dennis apparently delivered to the district court clerk written directions for service of the original notice and a copy of the petition. *See* Iowa R.Civ.P. 49(a). The clerk thereafter delivered to the sheriff for service the original notice, petition, and directions for service. *See* Iowa R.Civ.P. 49(b). However, an attempt on December 30, 1987, to serve defendant Jan's Vans was unsuccessful. This was due to the fact that the company was not at the address where the attempt

at service was made. An attempt on January 11, 1988, to serve Jill Christianson at her Ankeny address also proved unsuccessful; at the time of the attempt, the sheriff was told that Jill had moved to Phoenix, Arizona.

During the next two and one-half years, plaintiff Dennis, through her attorney, initiated only one attempt to serve Jill Christianson and Jan's Vans. In June 1988, Dennis' attorney wrote a letter to the post office in an effort to locate both defendants. That effort proved unsuccessful. Thereafter, from June 1988 to July 1990, plaintiff initiated *no* attempt to locate and serve either defendant. Plaintiff's counsel ultimately withdrew from representation of Dennis. Dennis then procured new counsel who succeeded in serving both defendants by August 1990, roughly one month after having been hired by Dennis.

After being served with notice of Dennis' lawsuit, defendants filed motions to dismiss. *See* Iowa R.Civ.P. 104(a). They claimed that the two and one-half year delay between the time that Dennis filed her petition and the time that defendants were served with notice of the suit was presumptively abusive, and that Dennis had failed to show adequate justification for such a delay. The district court found that Dennis had met her burden of showing adequate justification for the delay in service and overruled the motions to dismiss.

We granted defendants' application for interlocutory appeal from the district court's order overruling their motions to dismiss. *See* Iowa R.App.P. 2. On this appeal, defendants contend that Dennis has provided no justification for her two and one-half year delay in effecting proper service. Defendants assert that the delay in service deprived the district court of personal jurisdiction and that they are thereby entitled to a dismissal of Dennis' suit. For the reasons that follow, we agree with defendants' contentions and reverse the district court.

■■■ II. *Scope of review.* When a defendant such as Jill Christianson or Jan's Vans challenges the personal jurisdiction of the court, the burden is on the plaintiff to sustain the requisite jurisdiction by showing an adequate and timely service and compliance with any applicable statute. *Cross v. Lightolier Inc.*, 395 N.W.2d 844, 846 (Iowa 1986). Once a prima facie showing of proper service has been made, the burden of going forward with the evidence shifts to the defendant to overcome the showing if possible. *Id.* A district court's ultimate determination of whether to dismiss the action is not discretionary; such a determination rests upon legal grounds and is therefore subject to appellate review. *Decorah State Bank v. Zidlicky*, 426 N.W.2d 388, 390 (Iowa 1988). Although a district court's findings of fact are binding on appeal unless not supported by substantial evidence, we are not bound by a district court's application of legal principles or its conclusions of law. *Cross*, 395 N.W.2d at 846–47. Our review therefore is for errors of law. *See* Iowa R.App.P. 4.

III. *Justification for the delay in service.* Our rules of civil procedure do not specifically address when service of process must be accomplished. *In re Steinberg*, 443 N.W.2d 711, 713–14 (Iowa 1989). However, this appeal is governed by the principles we recently enunciated in *Bean v. Midwest Battery & Metal, Inc.*, 449 N.W.2d 353 (Iowa 1989). In *Bean*, the plaintiff commenced a negligence action on the last day of the statute of limitations period, but failed to serve the original notice upon the defendant for approximately eight months. *Id.* at 354–55. More specifically, the plaintiff failed to comply with the requirement of Iowa Rule of Civil Procedure 49 that, when filing a petition, a plaintiff is required to deliver to the clerk written directions for service of the original notice and a copy of the petition. *Id.* at 354. The district court thereafter granted the defendant's motion to dismiss the suit due to the plaintiff's failure to comply with the service requirements. *Id.*

On plaintiff's appeal, we affirmed and held that the eight-month delay in serving the defendant was presumptively abusive. *Id.* at 355. We also held that a plaintiff carries the burden of justifying such a presumptively abusive delay in service, and

that dismissal of the action is appropriate where the plaintiff fails to carry that burden. *Id.* at 356; *see also In re Steinberg,* 443 N.W.2d at 714; *Taylor v. Wiebold,* 390 N.W.2d 128, 130 (Iowa 1986); *Scieszinski v. City of Wilton,* 270 N.W.2d 450, 452 (Iowa 1978); *Becker v. Star Auto, Inc.,* 376 N.W.2d 645, 648 (Iowa App.1985); Note *Procedural Changes Concerning Commencement of Civil Litigation: Adrift with Rudder and Compass in Iowa,* 62 Iowa L.Rev. 192, 218–19 (1976).

■ A. Although this case is factually distinguishable from *Bean* insofar as plaintiff Dennis apparently complied with the requirements of rule 49, it is nevertheless undisputed that Dennis did not serve defendants Jill Christianson and Jan's Vans until approximately two and one-half years after Dennis filed her petition. Based upon our holding in *Bean,* we conclude that this delay was presumptively abusive.

■ Furthermore, our review of the record leads us to conclude that plaintiff Dennis failed to carry her burden of justifying this delay. As stated above, plaintiff Dennis, through her attorney, initiated only one attempt to locate and serve defendants during the two and one-half year period subsequent to January 1988. In June 1988, Dennis' attorney wrote a letter to the post office in an effort to locate Jill Christianson and Jan's Vans. That effort proved unsuccessful. However, after that attempt failed, Dennis apparently chose not to initiate *any* other efforts to locate and serve defendants until July 1990. *Cf. United States v. Kenner Gen. Contractors, Inc.,* 764 F.2d 707, 710 (9th Cir.1985) (plaintiff did not show "good cause" for failure to timely serve defendant where plaintiff made single unsuccessful attempt to locate defendant by phone).

Dennis argues, however, that she made other attempts to locate and serve defendants. In October 1988, she filed with the district court an application wherein she sought directions from the court as to how to properly obtain service upon defendants. We do not believe that this application provides any justification for the delay in service upon defendants. Aside from the fact that it was not a meaningful attempt to locate or serve defendants,[1] the application was filed only after the district court had stated in a scheduling order that it would dismiss the suit if the defendants had not been served by the following month. Dennis cannot now characterize the filing of this application, which apparently was filed only to avoid dismissal, as an attempt reasonably calculated to locate and serve defendants. *Cf. Edwards v. Edwards,* 754 F.2d 298, 299 (8th Cir.1985) (dismissal of complaint warranted where plaintiff was warned that complaint would be dismissed if he did not serve defendant).

■ B. Dennis also argues that certain acts of the defendants came close to intentional evasion of service which justified Dennis' delay in serving them. Dennis notes that defendant Jan's Vans had moved subsequent to the accident of December 1985. Defendants assert, however, that certain public records available from the Iowa department of transportation and the Iowa secretary of state's office would have provided Dennis with all the information she would have needed to effectively serve Jan's Vans. However, our careful review of these records reveals that defendants' argument is dubious at best. Nevertheless, we do not agree with Dennis that Jan's Vans in any way evaded service of process. According to the company's president, Jan's Vans maintained its business in Des Moines until the spring of 1988. This was at least several months after the time that Dennis filed her suit in December 1987. During those months, Dennis presumably could have located and served Jan's Vans by looking in local directories,

---

1. The application merely recited the fact that service upon Jill Christianson and Jan's Vans was unsuccessful when initially attempted in December 1987 and January 1988, and the fact that Dennis' June 1988 letter to the post office did not result in successfully locating defen- dants. The application did not contain any proposals for locating defendants or effectuating service upon them in any manner consistent with due process. *See* Iowa R.Civ.P. 56.1(n), 56.2.

calling directory assistance, or consulting with competitors.

Dennis also implies that defendant Jill Christianson evaded service by moving from Ankeny, Iowa, to Phoenix, Arizona, without leaving a forwarding address and without having her Phoenix address listed in local directories. However, we do not believe that these actions constituted evasion of process. Jill lived in Ankeny until May 1987, roughly seventeen months *after* the time that the accident with Dennis was alleged to have occurred. Had Dennis chosen to file her petition during these months, she could have easily served Jill at her Ankeny address. The fact that Dennis waited until the last day before the statute of limitations would run to file her petition does not somehow transform Jill's prior decision to move to Phoenix into intentional evasion of service of process.

IV. *Disposition.* In sum, we conclude that the two and one-half year delay between the time that Dennis filed her petition and the time that defendants Jill Christianson and Jan's Vans were served was presumptively abusive. We also conclude that Dennis' single attempt subsequent to January 1988 to either locate or serve defendants does not adequately justify the delay in service. We therefore conclude that defendants are entitled to dismissal of Dennis' suit.

Accordingly, we reverse the order of the district court overruling defendants' motions to dismiss Dennis' suit. The case is remanded for entry of a district court order dismissing plaintiff's petition.

REVERSED AND REMANDED.