Verda Mae TURNBULL,
Plaintiff–Appellant,

v.

William HORAN, Defendant,

and

New Cooperative, Inc., Defendant–
Appellee.

No. 93–251.

Court of Appeals of Iowa.

Aug. 25, 1994.

Larry L. Miller, Des Moines, for appellant.

James L. Kramer and William S. Gibb of Johnson, Erb, Gibb, Bice & Carlson, P.C., Fort Dodge, for appellee.

Considered by DONIELSON, C.J., and SACKETT and HUITINK, JJ.

HUITINK, Judge.

Vera Mae Turnbull appeals the district court's order dismissing her personal injury claims against New Cooperative, Inc. We affirm.

Turnbull claims she was injured on June 8, 1990, when she was sprayed by an unknown substance. Her petition naming New Cooperative as a defendant was filed on June 8, 1992, the day her lawyer believed the statute of limitations on her claim would expire. The petition was delivered to the clerk without the original notice and directions for service. New Cooperative was not served with an original notice and copy of the petition until October 12, 1992—126 days after the petition was filed.

New Cooperative moved to dismiss, arguing the 126–day delay was presumptively abusive. The district court agreed and dismissed Turnbull's petition without prejudice.

Our review is for errors at law. Iowa R.App.P. 4.

A plaintiff filing a petition is obligated to file written directions for service of the original notice with the petition. Iowa R.Civ.P. 49(a). The petition, original notice, and directions for service must then be promptly delivered for service on the defendant. Iowa R.Civ.P. 49(b). Although these rules do not specify when service must be made, there is clear authority providing for

dismissal if there is abusive delay in completing service on the defendant. *Bean v. Midwest Battery & Metal, Inc.*, 449 N.W.2d 353, 354–55 (Iowa 1989); *In re Steinberg*, 443 N.W.2d 711, 713–14 (Iowa 1989). In making this determination, the court considers the length of the delay and whether the delay was intentional. *Taylor v. Wiebold*, 390 N.W.2d 128, 129–30 (Iowa 1986); *Scieszinski v. City of Wilton*, 270 N.W.2d 450, 452 (Iowa 1978). When a delay is presumptively abusive, the plaintiff bears the burden of justification for the delay. *Bean*, 449 N.W.2d at 356.

Federal Rule of Civil Procedure 4(j) provides that service is prompt if made within 120 days of filing a complaint. *Thomsen v. United Parcel Serv., Inc., Local 710*, 792 F.2d 115, 118 (8th Cir.1986). In analyzing our rules 49(a) and (b) federal case law interpreting similar federal statutes constitutes persuasive authority although not conclusive authority. *See Mount Pleasant Community Sch. Dist. v. Public Employment Relations Bd.*, 343 N.W.2d 472 (Iowa 1984).

Turnbull contends the delay was justified because her attorney needed more time to investigate her claim and ensure service on the proper defendants. She also argues the delay was necessary to avoid violating the terms of Iowa Rule of Civil Procedure 80 and exposure to possible sanctions under that rule.

The Iowa Supreme Court has noted there may be cases in which lengthy delays may be justified. *Bean*, 449 N.W.2d at 356. We do not, however, believe this is one of those cases.

The delay in this case was lengthy enough to place the case in conflict with the Iowa Supreme Court's order concerning time standards for case processing. Moreover, there is ample evidence the delay was intended to benefit Turnbull's interest at the expense of the movant.

We, like the trial court, find the 126–day delay to be presumptively abusive. The reasons cited by Turnbull are not sufficient justification for the delay. The district court is therefore affirmed.

**AFFIRMED.**