Janice HENRY and Donald
Henry, Appellants,

v.

Joyce C. SHOBER, Appellee.

No. 96–914.

Supreme Court of Iowa.

July 23, 1997.

Bruce L. Gettman, Jr. of Clark, Butler, Walsh & Hamann, Waterloo, and Mark W. Fransdal of Redfern, Mason, Dieter, Larsen & Moore, P.L.C., Cedar Falls, for appellants.

Darrell J. Isaacson and Richard R. Winga of Laird, Heiny, McManigal, Winga, Duffy & Stambaugh, P.L.C., Mason City, for appellee.

Considered by McGIVERIN, C.J., and LAVORATO, NEUMAN, ANDREASEN, and TERNUS, JJ.

ANDREASEN, Justice.

Plaintiffs Janice and Donald Henry filed a personal injury action against defendant Joyce Shober, four days before the expiration of the statute of limitations. However, the Henrys did not serve the original notice and petition upon Shober until 169 days after the filing of the petition. Shober filed a motion to dismiss, claiming the Henrys failed to comply with Iowa Rule of Civil Procedure 49. The Henrys claimed they were justified in the delay because settlement negotiations were ongoing at the time the petition was filed. The district court dismissed the action. We affirm.

## I. Background Facts and Proceedings.

On August 25, 1993, Janice Henry suffered personal injuries in an automobile accident in Mason City, Iowa. In October 1994, the Henrys, who are residents of Ohio, retained an Ohio attorney, Paul Kirner, to represent them in their claim against Shober, a resident of Mason City. Kirner began negotiating with Shober's insurance carrier, State Farm Mutual Automobile Insurance Company, in November 1994. The claims representative assigned to handle the claim was located in a State Farm office in Ohio. There was no discussion or agreement to extend or waive the statute of limitations.

When it appeared that no settlement would be reached before the expiration of the two-year statute of limitations, Kirner contacted Iowa attorney Bruce Gettman of Clark, Butler, Walsh & Hamann, Waterloo, to file a lawsuit in Iowa district court. Gettman filed a petition against Shober on August 21, 1995, four days before the statute expired. However, Kirner instructed Gettman to withhold service because Kirner expected a settlement very soon.

On January 11, 1996, the district court administrator and deputy clerk of court gave notice of a trial setting conference to be held on February 7, 1996. This notice was given after the case had been on file for 120 days and complied with the Iowa Supreme Court order concerning time standards for case processing. A settlement was never reached, and, on January 24, 1996, Gettman finally directed the sheriff to serve the original notice and petition upon Shober. Shober was ultimately served on February 6, 1996, 169 days after the petition was filed.

Shober filed a motion to dismiss alleging the Henrys failed to comply with Iowa Rule of Civil Procedure 49. She claimed the delay was intentional and presumptively abusive, and that the case should be dismissed. The Henrys resisted the motion and filed the affidavits of Kirner and Gettman. The Henrys claimed the delay was justified because of ongoing settlement negotiations. They also claimed that State Farm was fully aware that the petition had been filed and that it was not prejudiced by the delay. In support of their claims, the Henrys offered evidence of communications between Kirner and State Farm from September 1995 through February 1996.

Following a hearing, the district court dismissed the action, concluding that the 169-day delay in service was presumptively abusive and that there was no justification for the delay. The court concluded the pursuance of settlement negotiations, which may occur irrespective of a party's decision to commence legal proceedings, did not justify delay in prompt service required by rule 49.

The Henrys filed timely notice of appeal.

## II. Scope of Review.

Generally, we do not favor the filing or granting of motions to dismiss under Iowa Rule of Civil Procedure 104(b). *See Cutler v. Klass, Whicher & Mishne*, 473 N.W.2d 178, 181 (Iowa 1991). We review the district court's ruling on a motion to dismiss for the correction of errors at law. *Alvarez v. Meadow Lane Mall Ltd. Partnership*, 560 N.W.2d 588, 590 (Iowa 1997).

## III. Compliance with Iowa Rule of Civil Procedure 49.

The Henrys claim the district court erred in dismissing their petition for failure to comply with Iowa Rule of Civil Procedure 49. They argue that the delay in service was not intentional or abusive, and even if it was, justification exists for the delay. We reject these arguments.

■ A civil action is commenced by filing a petition with the district court. Iowa R. Civ. P. 48. Generally, the filing of a petition also tolls the statute of limitations. Iowa R. Civ. P. 55. However, if there is an intentional delay in service, the filing of the petition alone is not enough to toll the statute of limitations. *In re Estate of Steinberg*, 443 N.W.2d 711, 713 (Iowa 1989); *Scieszinski v. City of Wilton*, 270 N.W.2d 450, 453 (Iowa 1978). The petition, original notice, and directions for service must be promptly delivered for service on the defendant. Iowa R. Civ. P. 49(b); *Alvarez*, 560 N.W.2d at 590–91. Even though the Iowa rules of civil procedure do not specify when service must be made,[1] our cases require dismissal of an action if there is an unjustified, abusive delay in completing service. *Alvarez*, 560 N.W.2d at 591.

In the recent *Alvarez* case, we clarified the analysis to be applied when there is a delay in service after the filing of a petition:

> The court must first determine if the delay was presumptively abusive. If the delay was presumptively abusive, the court must then determine if the plaintiff has carried the burden of proving the delay was justified. If it was not justified, the case must be dismissed. If the delay was justified, dismissal by reason of abusive delay is inappropriate. Even if the delay was not presumptively abusive, an intentional delay can still require dismissal.

*Id.*

■ As the above analysis suggests, if a delay in service is presumptively abusive, it does not matter whether the delay is intentional. Here, the Henrys' 169-day delay in serving Shober was both intentional and presumptively abusive. It is undisputed that Henrys never attempted to serve Shober for more than five months after the filing of the petition. Further, in *Alvarez*, we noted that, in accordance with Federal Rule of Civil

Procedure 4(m), any delay beyond 120 days "indicates the plaintiff filed the petition, not to seriously institute litigation, but rather to 'ice' the statute of limitations for a later determination on whether to proceed with suit." *Id.*

■ We must next determine whether the Henrys showed the delay was justified. They claim they were justified in delaying service because State Farm had knowledge of the action, its ability to defend the action was not prejudiced by the delay, and good faith settlement negotiations were ongoing at the time the action was filed. The Henrys also claim the delay was intended to benefit both parties by preventing litigation costs. We conclude the Henrys' justifications are without merit.

Even if State Farm had actual knowledge that a petition would be filed or was filed, or it was not prejudiced by the delay in service, Iowa Rule of Civil Procedure 49 still requires service of an original notice and petition upon the defendant. It is irrelevant whether or not State Farm knew the Henrys intended to file a lawsuit. Notice of the possibility of a lawsuit is not sufficient; the party being sued must be served with an original notice as required by our rules of civil procedure. *Alvarez*, 560 N.W.2d at 592. Further, any notice given only to State Farm is insufficient because Shober is the defendant. *See id.* (stating that notice to an insurer is not notice to its insured).

One federal court has offered guidance as to what constitutes "good cause" or adequate justification for a delay in service:

> [T]he plaintiff must have taken some affirmative action to effectuate service of process upon the defendant or have been prohibited, through no fault of his [or her] own, from taking such an affirmative action. Inadvertence, neglect, misunderstanding, ignorance of the rule or its bur-

---

1. In March 1997, we gave notice of proposed amendments to the Iowa Rules of Civil Procedure. Proposed rule 49 provides in part:

   If service of the original notice is not made upon the defendant, respondent, or other parties to be served within ninety days after filing the petition, the court, upon motion or its own initiative after notice to the person(s) filing the

   petition, shall dismiss the action without prejudice as to the defendant, respondent, or other party to be served or direct service be effected within a specific time and/or manner. If the person(s) filing the papers shows good cause for the failure of service, the court shall extend the time for service for an appropriate period. Proposed Iowa R. Civ. P. 49(f).

den, or half-hearted attempts at service have generally been waived as insufficient to show good cause. Moreover, intentional nonservice in order to delay the development of a civil action or to allow time for additional information to be gathered prior to "activating" the lawsuit has been held to fall short of the good cause showing required for noncompliance with Rule 4(j) [now 4(m) ].

*Vincent v. Reynolds Mem'l Hosp., Inc.,* 141 F.R.D. 436, 437–38 (N.D.W.Va.1992); *accord In re Kirkland,* 86 F.3d 172, 175 (10th Cir. 1996); *Geiger v. Allen,* 850 F.2d 330, 333 (7th Cir.1988); *Winters v. Teledyne Movible Offshore, Inc.,* 776 F.2d 1304, 1306 (5th Cir. 1985).

 We also conclude that settlement negotiations, even if done in good faith, do not constitute adequate justification or good cause for delaying service. Rule 49 contemplates that when a petition is filed, a defendant should be served promptly. *Scieszinski,* 270 N.W.2d at 453. The existence of ongoing settlement negotiations is not a sufficient reason for delaying service. *See Mid–Continent Wood Prods., Inc. v. Harris,* 936 F.2d 297, 302 (7th Cir.1991); *Healthcare Compare Corp. v. Super Solutions Corp.,* 151 F.R.D. 114, 115–16 (D.Minn.1993); *Leonard v. Stuart–James Co.,* 742 F.Supp. 653, 662 (N.D.Ga.1990); *Davis–Wilson v. Hilton Hotels Corp.,* 106 F.R.D. 505, 509 (E.D.La.1985); *State ex rel. Charleston Area Med. Ctr., Inc. v. Kaufman,* 197 W.Va. 282, 475 S.E.2d 374, 380 (1996). It is important that scheduling orders, as provided by Iowa Rule of Civil Procedure 136, not be delayed because service upon the defendant has not been perfected.

If we were to allow delays in service for ongoing settlement negotiations, plaintiffs would have no incentive to serve the defendant within a reasonable time. Further, we do not see how service of the original notice and petition is a hindrance to the settlement process. Prompt service allows a defendant to investigate the claims and prepare its defense, thus contributing to its evaluation of a case. If the parties wish to continue settlement discussions beyond the limitations period, the plaintiff should secure a statute of limitations extension, in writing, from the defendant and the defendant's insurer.

We conclude that the 169–day delay in service was presumptively abusive and that the Henrys did not carry their burden in proving the delay was justified. Therefore, the district court was correct in dismissing the action against Shober.

**AFFIRMED.**