Michael MOKHTARIAN, Appellant,

v.

GTE MIDWEST INCORPORATED,
Appellee.

No. 96–2071.

Supreme Court of Iowa.

May 28, 1998.

Richard D. Bardos, Baltimore, MD, and Alan M. Wilson, Corydon, for appellant.

Paul Thune of Peddicord, Wharton, Thune and Spencer, Des Moines, for appellee.

Considered by McGIVERIN, C.J., and LARSON, LAVORATO, ANDREASEN and TERNUS, JJ.

McGIVERIN, Chief Justice.

Plaintiff, Michael Mokhtarian, appeals from the district court's ruling dismissing his tort action against defendant GTE Midwest Incorporated, (GTE), because of failure to timely serve GTE with an original notice under Iowa Rule of Civil Procedure 49(a) (1995). We affirm.

*I. Background facts and proceedings.*

On December 30, 1993, Michael Mokhtarian, an employee of Installation Technicians,

Inc., (ITI), was installing telephone cable in GTE offices in Lucas, Iowa, when a large spool of wire fell off a wall onto him causing injury.[1]

Sometime after his accident, Mokhtarian sought compensation from GTE, as lessee of the premises, for his injuries and retained his present counsel, Maryland attorney Richard Bardos, to assist him in those proceedings.[2] Bardos and GTE's Missouri corporate counsel, Bill Colb, had discussions concerning Mokhtarian's injuries, but they did not reach an agreement regarding compensation. As the statute of limitations deadline approached, Bardos asked Colb the identity of the person to receive service of suit and Colb told Bardos to serve him at his office in Missouri.

Thereafter, attorney Bardos filed a petition on plaintiff Mokhtarian's behalf against GTE in the Iowa district court for Lucas County approximately two to three days before the expiration of the statute of limitations. Included with the petition was a letter addressed to the clerk of court stating:

> Enclosed please find a Petition at Law to be filed with your court. I enclose the $80.00 filing fee. I also enclose an extra copy of the Petition. Would you be so kind as to time-stamp the extra copy and return it to me in the enclosed self-addressed stamped envelope?
>
> Service will be made on Bill Colb, Esquire, GTE Telephone Operations, 1000 GTE Drive, Wentzville, Missouri, 63385. *Please issue the necessary paperwork for a summons for the Defendant and return same to my office for service by private process.*

The clerk complied with these instructions, filed the petition and returned the original notice to Bardos.

On January 11, 1996, attorney Bardos mailed the petition, original notice and a cover letter by certified mail to Colb of GTE at his office in Missouri. The cover letter included the following statements:

> As you know, I represent Michael Mokhtarian regarding injuries he received on December 30, 1993, while working for ITI

Communications. I contacted your office several times prior to filing suit. I waited until two days before the statute of limitations would run before filing suit but I could wait no longer.

> I am enclosing for service the suit papers filed in Iowa. I also filed suit in Maryland and will be proceeding first in Maryland. I would be happy to send you the materials from Maryland if you would like to have them.
>
> It is regrettable that we could not resolve it without litigation. If this matter can still be worked out, please feel free to call me.

Bardos never received a postal receipt showing that Colb had received the documents by certified mail. The record shows, however, that the GTE legal department received the documents on or about January 16, 1996. GTE did not file an answer or response to any of these documents in district court.

Later, on March 14 Bardos requested and received a new "summons" from the Lucas County clerk of district court. Bardos mailed the "summons" and a copy of the petition to Colb for service on June 6, 1996. These documents were returned to Bardos unopened. Attorney Bardos then had a Patricia Mills, an authorized agent of GTE in Wentzville, Missouri, personally served by private process service on July 30, 1996, some seven months after the petition was filed.

On August 23, 1996, GTE filed in district court a motion to dismiss Mokhtarian's petition, asserting that service of the original notice and petition by certified mail did not comply with the personal service requirement under Iowa Rule of Civil Procedure 56.1(f), and that the seven-month delay in service of the original notice was abusive under rule 49(a). Mokhtarian resisted the motion, asserting that service of the original notice by certified mail was proper and also requested a default judgment in light of GTE's failure to file a responsive pleading within twenty days of receipt of the petition on January 16, 1996.

**1.** GTE is a foreign corporation that does business in Lucas County, Iowa.

**2.** At the time of the accident, Mokhtarian was a resident of Minnesota, but moved to Maryland in 1995.

After a hearing, the district court sustained defendant GTE's motion to dismiss. The court concluded that GTE was not properly served until July 30, 1996, and that the seven-month delay in service was abusive. The court further concluded that Mokhtarian failed to show adequate justification for the delay and dismissed the petition.[3]

## II. Standard of review.

■ We review the district court's ruling on a motion to dismiss for the correction of errors at law. *Alvarez v. Meadow Lane Mall Ltd. Partnership,* 560 N.W.2d 588, 590 (Iowa 1997).

## III. Compliance with Iowa Rule of Civil Procedure 49.

Because plaintiff Mokhtarian concedes that the attempted service by certified mail in January and June 1996 was not legally significant, the only issue we need consider on appeal is whether plaintiff's seven-month delay in service of the original notice was so abusive and unjustified as to require dismissal of the petition.

Mokhtarian contends that the district court erred in dismissing the petition for failure to comply with Iowa Rule of Civil Procedure 49. He argues that the delay in service was not intentional or abusive, and even if it was, the delay was justified. We agree with the district court's ruling that plaintiff's delay in service was abusive and that no justification was shown for the delay.

Effective this past January 1998, Iowa Rule of Civil Procedure 49(f) now imposes a ninety-day deadline for service of an original notice after filing of a petition.[4] Since this rule was not in effect at times material to this case, we must examine whether Mokhtarian's delay in service was abusive under then existing rules of procedure and case law.

Under Iowa law in effect at all material times, a civil action is commenced by filing a petition with the district court. Iowa R. Civ. P. 48. The petition, original notice, and directions for service must then be promptly delivered by the clerk to the sheriff, or to another "appropriate person" for service on the defendant. Iowa R. Civ. P. 49(b); *Henry v. Shober,* 566 N.W.2d 190, 192 (Iowa 1997). The rule thus allows for service by persons other than the sheriff.

Our recent decisions in *Henry,* 566 N.W.2d at 192–93 (169–day delay in serving defendant with original notice was presumptively abusive), and *Alvarez,* 560 N.W.2d at 591 (159–day delay in serving defendant was presumptively abusive), clarified the analysis to be followed in determining whether delay in service of an original notice is abusive.

> The court must first determine if the delay was presumptively abusive. If the delay was presumptively abusive the court must then determine if the plaintiff has carried the burden of proving the delay was justified. If it was not justified, the case must be dismissed. If the delay was justified, dismissal by reason of abusive delay is inappropriate. Even if the delay was not presumptively abusive, an intentional delay can still require dismissal.

*Alvarez,* 560 N.W.2d at 591.

■ Applying these principles, and comparing the facts in this case with those in other delay-in-service cases, we find that the district court properly concluded that Mokh-

**3.** In its ruling, the district court stated that Mokhtarian failed to comply with Iowa Rule of Civil Procedure 49(a) by failing to give the clerk of court proper written directions for service of the original notice. Mokhtarian contends the district court's statement on this subject is incorrect. Irrespective of the district court's statement, we believe that whether the written directions to the clerk were sufficient is not an issue in this case; the fighting issue is whether Mokhtarian's seven-month delay in service was abusive and unjustified.

**4.** Iowa rule of civil procedure 49(f) (1998) presently provides:

> If service of the original notice is not made upon the defendant, respondent, or other party to be served within 90 days after filing the petition, the court, upon motion or its own initiative after notice to the party filing the petition, shall dismiss the action without prejudice as to that defendant, respondent, or other party to be served or direct an alternate time or manner of service. If the party filing the papers shows good cause for the failure of service, the court shall extend the time for service for an appropriate period.

tarian's seven-month [or more than 200 days] delay in service of the original notice was presumptively abusive. *Cf. Henry,* 566 N.W.2d at 193 (169–day delay in service presumptively abusive); *Alvarez,* 560 N.W.2d at 591 (159–day delay in service presumptively abusive); *Bean v. Midwest Battery & Metal, Inc.,* 449 N.W.2d 353, 355 (Iowa 1989) (8–month delay in service presumptively abusive); *Turnbull v. Horan,* 522 N.W.2d 860, 861 (Iowa App.1994) (126–day delay in service presumptively abusive). We believe that such a delay "indicates the plaintiff filed the petition, not to seriously institute litigation, but rather to 'ice' the statute of limitations for a later determination on whether to proceed with suit." *Alvarez,* 560 N.W.2d at 591.

■ We also agree with the district court's conclusion that Mokhtarian failed to show adequate justification for the delay. In fact, Mokhtarian has provided no explanation for the delay in proper service, but simply asserts that GTE suffered no prejudice from the delay because GTE obviously knew a petition had been filed. He also asserts that his attempts at service show that delay in service was not intentional. The point, however, is not whether GTE suffered prejudice from the delay in service or whether the delay was intentional, but rather whether Mokhtarian can show justification for the delay. *See Henry,* 566 N.W.2d at 192 (if delay in service is presumptively abusive, it does not matter whether delay in service was intentional). Moreover, it is irrelevant whether GTE knew a lawsuit had been filed because Iowa Rule of Civil Procedure 49 still requires service of an original notice and petition upon the defendant. As we said in *Henry,* "[n]otice of the possibility of a lawsuit is not sufficient; the party being sued must be served with an original notice as required by our rules of civil procedure." *Id.* (rejecting plaintiff's assertion that defendant was not prejudiced by delay because defendant had knowledge of lawsuit). Thus, the fact that Mokhtarian made previous unsuccessful attempts at service by mail is not adequate justification for the delay since those attempts at service had no legal significance.

■ In reality, we think that the delay in service can be attributed to plaintiff counsel's initial belief that service could be accomplished by certified mail.[5] We understand that counsel, not being licensed to practice law in Iowa, was probably unfamiliar with Iowa rules regarding the timeliness and proper manner of service of an original notice. Counsel's lack of knowledge, misunderstanding or ignorance of our rules of civil procedure, however, does not excuse the delay in proper service. *Id.* (quoting *Vincent v. Reynolds Mem'l Hosp., Inc.,* 141 F.R.D. 436, 437–38 (N.D.W.Va.1992)).[6] Once a plaintiff files a petition, we believe it only appropriate that the plaintiff should bear the burden of ensuring that service of the original notice and petition on defendant is both proper and timely. The plaintiff cannot rely on the opposing party to inform him or her that service was not sufficient under our rules of civil procedure and then argue the delay in service was justified by previous unsuccessful or legally insignificant attempts at service.

---

5. While it may be true that Colb of GTE told attorney Bardos that the lawsuit papers should be served on the GTE office in Missouri, we do not believe that Colb somehow agreed to service by mail, nor does plaintiff so contend on appeal.

6. We also point out that Iowa Code section 602.10111 (1995) requires a nonresident attorney not licensed in this state to file a written appointment of a resident Iowa attorney admitted to practice in Iowa, upon whom service may be had in all matters connected with the case. This must be done at the time the out-of-state attorney enters an appearance in an Iowa court. Failure to make such appointment precludes the out-of-state attorney from conducting the case "and all papers filed by the attorney shall be stricken from the files." Iowa Code § 602.10111.

The district court's ruling indicates that attorney Bardos did not cause an Iowa attorney to timely file an appearance in accordance with section 602.10111, although Bardos apparently made a professional statement at the time of the hearing that appropriate local counsel had been appointed. The record indicates that local Iowa counsel, Alan M. Wilson, did not file an appearance on plaintiff Mokhtarian's behalf until October 30, 1996. The record does not reflect whether defense counsel raised this issue. We note, that had Bardos complied with section 602.10111, local counsel surely would have informed him of Iowa's rules regarding deadlines for service and thus proper timely service may have been accomplished.

*IV. Disposition.*

We conclude that plaintiff Mokhtarian's seven-month delay in properly serving GTE with an original notice was presumptively abusive. We further conclude that Mokhtarian failed to prove adequate justification for the delay. Accordingly, the district court properly dismissed plaintiff's petition.

**AFFIRMED.**