Patrick McCORMICK and Janice
McCormick, Appellees,

v.

Mary MEYER, Appellant.

No. 97–993.

Supreme Court of Iowa.

July 29, 1998.

**142**

Douglas M. Henry and Norman J. Wangberg of Fuerste, Carew, Coyle, Juergens & Sudmeier, P.C., Dubuque, for appellant.

Robert L. Day, Jr. of the Law Office of Robert L. Day, Jr., Dubuque, for appellees.

Considered by HARRIS, P.J., and LARSON, LAVORATO, SNELL, and ANDREASEN, JJ.

ANDREASEN, Justice.

Mary Meyer appeals from an order denying her motion to dismiss. The petition, filed by Patrick and Janice McCormick on June 30, 1995, alleged they were damaged as a result of Meyer's negligence in causing an automobile accident on July 10, 1993. Meyer alleges the lengthy delay between the time the petition was filed and when she was served with notice was abusive. The court found the delay was justified and denied the motion to dismiss.

We granted Meyer's application for interlocutory appeal. After review of the record, we find the district court's determination that delay was justified is not supported by substantial evidence. We reverse the order of the district court and remand with direction to dismiss the action.

I. *Background Facts and Proceedings.*

On July 10, 1993, while visiting her mother in Dubuque, Iowa, and while driving her mother's vehicle, Meyer was involved in a traffic accident with a vehicle owned and operated by Patrick McCormick. After the accident Meyer gave the investigating officer her address in Hoffman Estates, Illinois, her social security number and date of birth, and her mother's address in Iowa. These were all listed on the accident information form.

In December 1993, Meyer and her husband moved to a new address in Glendale Heights, Illinois. Their new telephone number was listed and they left a forwarding address with the post office in Hoffman Estates. In April 1995, Meyer and her husband purchased a home and moved to Bartlett, Illinois.

After the McCormicks' petition was filed with the clerk of district court for Dubuque County, their attorney, Stuart Hoover, mailed an original notice with directions that personal service of Meyer be made by the sheriff's office of Cook County, Illinois. The sheriff's office tried to deliver the notice on Meyer at her former address in Hoffman Estates. Obviously, Meyer did not receive notice since she had moved some nineteen months earlier. Service was returned by the sheriff's office to the plaintiffs' counsel on July 31, 1995, indicating service of the original notice was unsuccessful.

Under a local Iowa court rule in the First Judicial District, a status review hearing of civil cases is required when no return of service has been filed within ninety days of the filing of the petition. This procedure was developed to comply with the time standards for case processing implemented by the Iowa Supreme Court. At a status hearing on October 19, after conferring with plaintiffs' attorney, Judge Curnan stated the plaintiffs were seeking service pursuant to the longarm statute and ordered that the matter be reviewed again in ninety days.

Over the next two months McCormicks' counsel took no further action to locate Meyer. On December 29 counsel sent a letter to the secretary of state along with copies of the

original notice and petition requesting long-arm service pursuant to the provisions of Iowa Code section 617.3 (1995) be made on Meyer. The original notice and petition were received and filed by the secretary of state on January 5, 1996. On January 9 counsel mailed notification of the filing with the secretary of state to Meyer at the Hoffman Estates address. The notification was returned by the post office marked "addressee unknown: return to sender."

An order was entered by Judge Curnan following a status review hearing on January 29, 1996, which stated:

> Attorney Hoover advises the court that he will be filing a motion for leave to obtain service by publication. This matter shall come on for review before the order hour judge in thirty days to determine if further action has in fact been taken.

On April 16 Judge Pearson reviewed the file and found that no subsequent motion or pleading had been filed since the January 29 order. The judge then ordered that the case be dismissed as abandoned and assessed the cost to the plaintiffs.

Ten days after Judge Pearson's dismissal was entered, attorney Hoover filed a motion to vacate the dismissal order. An ex parte hearing on the motion was held on May 6. On May 8 Judge Fautsch granted the motion to vacate the order of dismissal. The court found the McCormicks had exercised "due diligence in attempting to cause process to be served." At the hearing the court received and granted Hoover's motion for alternative service of notice on the defendant's insurance company. The court order specifically provided: "Plaintiffs are given twenty days to effectuate service on defendant's insurance company." Although Hoover telephoned the insurance company's claim office in Dubuque regarding acceptance of service, no service was made on the designated representative of Meyer's insurance company, nor was an acceptance of service of notice or appearance entered by the insurance company.

In June, counsel attempted to serve Meyer under the nonresident motorist provisions of Iowa Code sections 321.498–.502 by filing an original notice with the director of transportation and then mailing to Meyer a notification of the filing. The notification letter referred to the filing of the notice "with the secretary of state" not with the "director of transportation" as provided by Iowa Code section 321.502. The letter to Meyer was returned by the post office stamped "forwarding order expired." After this letter was received, Hoover called the post office and was told that the forwarding order had expired and they could offer no other help. Hoover attempted to locate Meyer's current address through her driver's license but was unsuccessful in this endeavor.

After another status review hearing, Judge Fautsch granted the McCormicks' motion for service by publication. The court's order, dated September 11, 1996, required publication not less than fourteen days from the date of the order. McCormicks' attorney understood the order contemplated publication within fourteen days of the date of the order. The published notice required Meyer to respond to the petition within sixty days of the filing of notice with the secretary of state. The only filing with the secretary of state had been made nine months before. The first publication did not occur until October 26. Apparently proof of the publication was received by Meyer's insurance company on November 5.

On November 6 Meyer filed a motion to dismiss. The McCormicks filed a resistance to the motion and requested the matter be set for hearing. A hearing was held on the motion on January 14, 1997. Attorney Robert L. Day, Jr. represented the McCormicks; attorney Douglas M. Henry represented Meyer. Following the hearing, Judge Curnan denied the motion to dismiss. The court concluded the order filed on May 8, 1996, finding the McCormicks had acted with due diligence, was binding as to the efforts at service made prior to that order. Judge Curnan limited his review of the record to the actions taken by the McCormicks to serve Meyer after the May 8 order.

Meyer filed a petition seeking permission to appeal in advance of final judgment. The McCormicks joined the request. We granted Meyer's application for interlocutory appeal.

## II. *Scope of Review.*

 Our review of a district court's ruling on a motion to dismiss is for correction of errors at law. Iowa R.App. P. 4; *Henry v. Shober*, 566 N.W.2d 190, 191 (Iowa 1997). The district court's findings of fact are binding on appeal unless not supported by substantial evidence. *Dennis v. Christianson*, 482 N.W.2d 448, 450 (Iowa 1992). We are not bound by the district court's application of legal principles or its conclusions of law. *Id.* On appeal Meyer challenges the court's authority to reinstate the case and the court's refusal to dismiss for abusive delay in service of the notice.

## III. *Effect of the April 1996 Dismissal Order.*

Meyer claims the dismissal order of April 16, 1996, was a final order and that the district court had no subject matter jurisdiction to vacate it. She urges that the only proper method to challenge the dismissal was by appeal. The parties agree the district court had the authority to dismiss the case as abandoned. The dispute centers upon the district court's authority to reinstate the case.

Judge Fautsch's May 8, 1996 order stated:

Iowa Rule of Civil Procedure 215.1 states in part as follows: "The case shall not be dismissed if there is a timely showing that the original notice and petition have not been served and that the party resisting dismissal have used due diligence in attempting to cause process to be served." This court is satisfied that plaintiffs have used "due diligence in attempting to cause process to be served." It is also clear from the case law that discretion is given to the trial court in this regard and that trial on the merits is favored.

Rule 215.1 requires that the clerk of court give notice to counsel of record prior to August 15 of each year in cases that were filed more than one year prior to July 15. The notice must state that such case is subject to dismissal if not tried prior to January 1 of the next succeeding year. All such cases are to be assigned and tried or be dismissed unless satisfactory reasons for want of prosecution or grounds for continuance be shown

by application and ruling thereon after notice and not ex parte. The rule further provides:

The trial court may, in its discretion, and shall upon a showing that such dismissal was the result of oversight, mistake or other reasonable cause, reinstate the action or actions so dismissed. Application for such reinstatement, setting forth the grounds therefor, shall be filed within six months from the date of dismissal.

 We conclude rule 215.1 is not applicable to a dismissal entered by the court ten months after the petition was filed. It is generally recognized trial courts may sua sponte dismiss a case where the case has not been diligently prosecuted. *Rush v. Sioux City*, 240 N.W.2d 431, 438–39 (Iowa 1976), *overruled on other grounds by Hoffert v. Luze*, 578 N.W.2d 681, 685 (Iowa 1998). While the trial courts in Iowa have the authority to sua sponte dismiss a case, the courts should exercise this authority sparingly. *Teleconnect Co. v. Iowa State Commerce Comm'n*, 366 N.W.2d 515, 519 (Iowa 1985). If the court has the power to dismiss the action, then it also must have the power to reinstate the action. The two powers go together, otherwise the court could not undo what it may have done by inadvertence or mistake. "A district court's power to correct its own perceived errors has always been recognized by this court, so long as the court has jurisdiction of the case and the parties involved." *Iowa Elec. Light & Power Co. v. Lagle*, 430 N.W.2d 393, 396 (Iowa 1988). We adhere to the general rule that a district court judge may review and change a prior interlocutory ruling of another district judge in the same case. *See Hoefer v. Wisconsin Educ. Ass'n Ins. Trust*, 470 N.W.2d 336, 339 (Iowa 1991). This general rule enhances the court's integrity by refusing to give either party a vested right to require the court to perpetuate its mistake. *Id.*

 "In the absence of statute or rule of practice fixing the time for applying to have an order of dismissal set aside, a party must show that he was reasonably diligent in seeking a reinstatement of the case." 24 Am. Jur.2d *Dismissal, Discontinuance, and Nonsuit* § 78 (1983). Once the action was dis-

missed for abandonment, the McCormicks acted promptly to have the dismissal vacated. We find the district court had subject matter jurisdiction to reinstate the action.

### IV. Denial of Motion to Dismiss for Abusive Delay in Service of Notice.

■■■ Although our rules of civil procedure at the time this action was commenced did not specifically address when service of process must be accomplished, the applicable principles are expressed in our opinions.[1] See *Mokhtarian v. GTE Midwest Inc.,* 578 N.W.2d 666, 668–69 (Iowa 1998); *Dennis,* 482 N.W.2d at 450–51; *Bean v. Midwest Battery & Metal, Inc.,* 449 N.W.2d 353, 355–56 (Iowa 1989). It is clear dismissal is required if there is an unjustified abusive delay in completing service. *Mokhtarian,* 578 N.W.2d at 668; *Henry,* 566 N.W.2d at 192; *Alvarez v. Meadow Lane Mall, Ltd.,* 560 N.W.2d 588, 591 (Iowa 1997). If there is a delay in service, the court must first determine if the delay was presumptively abusive. *Mokhtarian,* 578 N.W.2d at 668. If the court finds the delay is presumptively abusive, the court must then determine if the plaintiff has shown the delay was justified. *Id.* If the delay was not justified, the case must be dismissed. Once the petition is filed, the plaintiff bears the burden of ensuring that the service of the original notice and petition is both proper and timely. *Id.*

■■■ The delay between filing the petition and the first publication of notice was 483 days. A delay of that length is without question presumptively abusive. *See Mokhtarian,* 578 N.W.2d at 668–69 (seven-month delay presumptively abusive); *Henry,* 566 N.W.2d at 192 (169–day delay presumptively abusive); *Alvarez,* 560 N.W.2d at 591 (159–day delay presumptively abusive); *Dennis,* 482 N.W.2d at 452 (two-and-one-half-year delay presumptively abusive); *Bean,* 449 N.W.2d at 355 (eight-month delay presumptively abusive); *Turnbull v. Horan,* 522 N.W.2d 860, 861 (Iowa App.1994) (126–day delay presumptively abusive).

■■■ The district court found, in its partial review of the record, that the delay was justified. The court should have considered the entire record when determining if the McCormicks had justified the delay, not merely the record since May 8, 1996. We do not believe the court's finding of justification for delay is supported by substantial evidence in the record when it is viewed in its entirety. Even if we review only the record since reinstatement of the case, there is insufficient evidence of justification for the 171–day delay.

Adequate justification for delay in service is equated to good cause. Our definition of good cause requires

> [t]he plaintiff must have taken some affirmative action to effectuate service of process upon the defendant or have been prohibited, through no fault of his [or her] own, from taking such an affirmative action. *Inadvertence, neglect, misunderstanding, ignorance of the rule or its burden, or half-hearted attempts at service have generally been waived as insufficient to show good cause.*

*Henry,* 566 N.W.2d at 192–93 (citation omitted) (emphasis added).

When viewed as a whole we believe McCormicks' efforts to serve notice were not a "meaningful attempt to locate or serve the defendant." *Dennis,* 482 N.W.2d at 451. It should come as no surprise in our mobile society that after a period of almost two years, when the McCormicks decided to file suit, Meyer no longer occupied the same address as she did at the time of the accident. The McCormicks knew personal service of notice of Meyer at Hoffman Estates was unsuccessful in July 1995. The McCormicks failed to show they made a reasonable effort to locate Meyer's current address.

The McCormicks waited almost five months before taking any other action to

---

1. Our rules now provide:
 > If service of the original notice is not made upon the defendant, respondent, or other party to be served within 90 days after filing the petition, the court, upon motion or its own initiative after notice to the party filing the petition, shall dismiss the action without prejudice as to that defendant, respondent, or other party to be served or direct an alternate time or manner of service. If the party filing the papers shows good cause for the failure of service, the court shall extend the time for service for an appropriate period.
 
 Iowa R. Civ. P. 49(f) (effective January 24, 1998).

accomplish personal service. Although they attempted long-arm statute service, they were unable to complete service because notice was mailed to Meyer at her July 1993 address. Next, the McCormicks informed the court they would file a motion seeking permission to serve notice by publication. They did not file the motion. Four months went by without action by the McCormicks. As a result, the district court dismissed the case.

At the time the court reinstated the case, the McCormicks received court permission to make alternative service upon Meyer's insurance company within twenty days of the order. They did not follow through on this alternate service upon the insurance company. They attempted to serve Meyer in June under the nonresident motorist provisions, but they failed to comply with the notice provisions of Iowa Code section 321.502 and the mailed notice to Meyer was not delivered. Three months passed before the McCormicks requested and received permission to publish notice. The order granting leave to publish notice required that the defendant respond within sixty days of the filing with the secretary of state. The McCormicks waited forty-five days before first publishing notice. The 171-day delay between the reinstatement of the case and the date of the first published notice is presumptively abusive.

The facts in the record establish a pattern of half-hearted efforts punctuated by long periods of inactivity, ignorance of the rules relating to service of notice, and neglect. *See Mokhtarian,* 578 N.W.2d at 669 (counsel's lack of knowledge, misunderstanding, or ignorance of our rules of civil procedure do not excuse the delay in proper service). We find there is no substantial evidence in the record to support a finding that the abusive delay was justified. We reverse the district court's order denying Meyer's motion to dismiss. We remand for entry of a district court order dismissing the action.

**REVERSED AND REMANDED WITH DIRECTION.**