**IN THE COURT OF APPEALS OF IOWA**

No. 20-0078
Filed September 2, 2020

**JOHN R. BERDING,**
    Plaintiff-Appellant,

**vs.**

**MENARDS, INC.,**
    Defendant-Appellee.
_____

Appeal from the Iowa District Court for Cerro Gordo County, DeDra L.

Schroeder, Judge.

John Berding appeals from the dismissal of his petition. **AFFIRMED.**

William P. Baresel of Prichard Law Office, PC, Charles City, for appellant.

Paul J. Hammell and Kristine L. Britven, Eau Claire, Wisconsin, for appellee.

Considered by Bower, C.J., and Doyle and Schumacher, JJ.

**SCHUMACHER, Judge.**

John Berding appeals from the dismissal of his petition based on failure to comply with Iowa Rule of Civil Procedure 1.302(5). Berding argues the district court erred by granting Menards, Inc.'s (Menards) motion to dismiss for failure to serve the defendant within ninety days after the filing of his petition. Because we agree with the district court's determination that Berding failed to demonstrate good cause in delaying service, we affirm the dismissal.

## I. Facts and Prior Proceedings

The facts relevant to this appeal are uncomplicated. The alleged cause of action arose on June 22, 2017, wherein Berding alleged negligence on the part of Menards for leaving a low pallet jack in an aisle unattended, with no warnings to customers, which caused injury to Berding as he shopped. On November 2, 2018, the third-party claim administrator for Menards denied liability for the incident. Berding's counsel sent a letter to the insurance carrier eight months later on June 7, 2019, alerting Menards of Berding's intention to file a lawsuit. Berding's counsel, Brian McPhail, filed a petition on June 20, 2019.

Attorney Todd Prichard filed an appearance on behalf of Berding on October 11, 2019, and filed an application to extend time for service on behalf of Berding three days later, citing miscommunication between counsel as the basis for good cause.[1] This application was filed after the time to serve Menards had expired. The court granted the motion but indicated that the order was "without prejudice to the defendant to contest the court's finding of good cause." Following

---

[1] Both Attorney McPhail and Attorney Prichard represent Berding.

service of the original notice and petition on October 23, 2019, Menards moved to dismiss for lack of good cause for the delay in service. After hearing on the motion to dismiss, the district court found that the service of the petition was not timely and there was not good cause established for the delay. The district court dismissed the petition. Berding appeals.

## II.      Standard of Review

"We review decisions by the district court to grant a motion to dismiss for correction of errors at law." *Rucker v. Taylor*, 828 N.W.2d 595, 598 (Iowa 2013). "Dismissal is proper 'only if the petition shows no right of recovery under any state of facts.'" *Hawkeye Foodservice Distrib., Inc. v. Iowa Educators Corp.*, 812 N.W.2d 600, 604 (Iowa 2012) (quoting *Southard v. Visa U.S.A. Inc.*, 734 N.W.2d 192, 194 (Iowa 2007)).

"Ordinarily, the pleadings in the case form the outer boundaries of the material subject to evaluation in a motion to dismiss." *Rucker*, 828 N.W.2d at 598. However, if a party moves to dismiss on the basis of untimely service, "a court is permitted to consider facts outside the pleadings." *Id.* at 598–99. When the district court makes findings of fact for such a motion to dismiss, "those findings 'are binding on appeal unless not supported by substantial evidence.' We are not bound, however, by either the legal conclusions or application of legal principles reached by the district court." *Id.* at 599 (quoting *McCormick v. Meyer*, 582 N.W.2d 141, 144 (Iowa 1998)).

## III.     Legal Analysis

Iowa Rule of Civil Procedure 1.302(5) governs the consequences for failure to serve an original notice:

> If service of the original notice is not made upon the defendant, respondent, or other party to be served within 90 days after filing the petition, the court, upon motion or its own initiative after notice to the party filing the petition, shall dismiss the action without prejudice as to that defendant, respondent, or other party to be served or direct an alternate time or manner of service. If the party filing the papers shows good cause for the failure of service, the court shall extend the time for service for an appropriate period.

For good cause to be shown, our case law establishes that "the plaintiff must have taken some affirmative action to effectuate service of process upon the defendant or have been prohibited, through no fault of his own, from taking such an affirmative step." *Meier v. Senecaut*, 641 N.W.2d 532, 542 (Iowa 2002) (quoting *Carroll v. Martir*, 610 N.W.2d 850, 858 (Iowa 2000)). "Inadvertence, neglect, misunderstanding, ignorance of the rule or its burden, or half-hearted attempts at service have generally been waived as insufficient to show good cause." *Id.*

> Good cause is likely (but not always) to be found in the plaintiff's failure to complete service in a timely fashion is a result of the conduct of a third party, typically the process server, the defendant evaded service of process or engaged in misleading conduct, the plaintiff has acted diligently in trying to effect service, or there are understandable mitigating circumstances.

*Wilson v. Ribbens*, 678 N.W.2d 417, 421 (Iowa 2004) (quoting 4B Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1137 at 342 (3rd ed. 2002)).

## A. Miscommunication between Counsel and Settlement Negotiations

Neither party asserts that Menards was served within the timeframe prescribed in Iowa Rule of Civil Procedure 1.302(5). Berding instead argues that good cause exists for this failure, as miscommunication between counsel and settlement negotiations equate to good cause, and the district court erred in failing to find good cause.

In support of his argument for good cause, Berding relies on *Duwa v. Brooks*, No. 08-2038, 2009 WL 5126140, at *3 (Iowa Ct. App. Dec. 30, 2009). In such case, we found good cause for delay in service, finding that a third party, the sheriff, delayed service and that the plaintiff had pursued a reasonable course of action to effectuate service within ninety days. *Duwa*, 2009 WL 5126140, at *2.

However, Berding failed to take any affirmative steps to effectuate service. As such, Berding's position is similar to the litigant in *Jones v. Busta*, No. 14-0522, 2015 WL 162066, at *1 (Iowa Ct. App. Jan. 14, 2015). In *Jones*, the appellant argued good cause "due to an omission from the manual calendar system to an electronic calendar system the deadline was inadvertently removed from the calendaring." 2015 WL 162066, at *1. We held that as the appellant failed to take affirmative steps to effectuate service, the court appropriately dismissed the case for failure to serve within ninety days. *Id.* at *4. We find Berding's actions do not involve the failure of a third party, such as a process server. He failed to take any affirmative action to serve Menards within the ninety-day timeframe.

Secondly, we do not find the fact the parties were engaged in settlement negotiations constitutes good cause. As the supreme court has previously stated, "[S]ettlement negotiations, even if done in good faith, do not constitute adequate justification or good cause for delaying service." *Henry v. Shober*, 566 N.W.2d 190, 193 (Iowa 1997).

Lastly, Berding argues Menards had notice of the lawsuit because of the letter sent by Berding on June 7, 2019. Berding offers no precedence in support of this argument and we reject the same, as notifying a litigant that they may be served cannot equate to service under the Iowa Rules of Civil Procedure.

**B. Iowa Rule of Civil Procedure 1.309**

For the first time on appeal, Berding argues that the district court erred in voiding its previous order allowing an extension of time and failing to find prejudice to Menards. Pursuant to Iowa Rule of Civil Procedure 1.309, a court "may allow any process or proof of service thereof to be amended at any time in its discretion and upon such terms as it deems just, unless it clearly appears that material prejudice would result to the substantial rights of the party against whom the process issued."

Our preservation rules ensure district courts the opportunity to avoid or correct errors. *See State v. Pickett*, 671 N.W.2d 866, 869 (Iowa 2003) (finding the practice of casting fault on the district court for failing to rule correctly on an issue as "fundamentally unfair" when the party did not give that court an opportunity to fix its mistake). The preservation rules also prevent a party from "remain[ing] silent . . . in the face of error . . . and subsequently assert[ing] error on appeal if the outcome in the trial court is unfavorable." *Id.* (citation omitted). Here, Berding did not raise the same issue below that he advances on appeal. It is fundamentally unfair to reach an argument advanced on appeal concerning Iowa Rule Civil Procedure 1.309 because it was not properly presented to the district court. We decline to address this argument.

**IV. Conclusion**

Berding did not serve Menards with notice of the lawsuit within ninety days after the petition was filed and did not file a motion for an extension of time to serve notice prior to the expiration of the ninety days. We conclude Berding has not shown good cause for the delay in serving Menards, and we find unpreserved his

argument under Iowa Rule of Civil Procedure 1.309.  Accordingly, we affirm the district court's dismissal.

**AFFIRMED.**