# IN THE COURT OF APPEALS OF IOWA

No. 23-1255
Filed February 19, 2025

**KIMBERLY ANN TILLMAN,**
        Plaintiff-Appellant,

**vs.**

**JASON LEE HINSON, SENTRY INSURANCE GROUP, DAIRYLAND AUTO, VIKING INSURANCE COMPANY OF WISCONSIN,**
        Defendants-Appellees.
_____

        Appeal from the Iowa District Court for Woodbury County, Robert D. Tiefenthaler, Judge.


        A plaintiff appeals the dismissal of her suit for lack of service.  **AFFIRMED.**


        Kimberly Tillman, Sioux City, self-represented appellant.

        Zachary Clausen of Klass Law Firm, L.L.P., Sioux City, for appellee Jason Hinson.

        Maggie E. Frei and Matthew D. Hammes of Locher Pavelka Dostal Braddy & Hammes, LLC, Omaha, Nebraska, for appellee Viking Insurance Company of Wisconsin.


        Considered by Badding, P.J., Langholz, J., and Bower, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2025).

**LANGHOLZ, Judge.**

Absent good cause for an extension, plaintiffs must serve defendants with an original notice and a copy of their petition within ninety days of filing suit. *See* Iowa R. Civ. P. 1.302(3), (5). More than three years after filing suit, Kimberly Tillman still had not properly served defendant Jason Hinson. So when her latest extended deadline passed without service, Hinson moved to dismiss Tillman's petition for lack of service. The district court agreed. And Tillman now appeals that dismissal.[1]

But the district court correctly dismissed Tillman's suit against Hinson without prejudice under Iowa Rule of Civil Procedure 1.302(5). Sending the original notice by certified mail is not proper personal service under our rules. Even if it were proper service, Hinson did not receive the original notice until after Tillman's much-extended deadline for service. And we cannot consider any of Tillman's other arguments because they were not decided by—or for some, even raised to—the district court.

We realize that Tillman has been representing herself throughout this case. But we do not have a double standard for those represented by counsel and those who are unrepresented—we expect all to follow our procedures. *See Metro. Jacobson Dev. Venture v. Bd. of Rev. of Des Moines*, 476 N.W.2d 726, 729 (Iowa Ct. App. 1991). Because Tillman did not, we affirm the dismissal of her suit.

---

[1] Tillman included the three defendant insurance companies—which were not dismissed for lack of service—as appellees in her notice of appeal and combined certificate and listed them on the cover of her reply brief. But we discern no arguments in her opening brief challenging the dismissal of these three defendants. So any appeal of those dismissals is waived. *See* Iowa R. App. P. 6.903(2)(a)(8) (requiring supported argument for every issue raised on appeal)*.*

I.

On January 9, 2020, Tillman filed this negligence suit arising out of a January 2018 car crash with Jason Hinson. She named Hinson and three insurance companies as defendants. On April 9, she asked for an extension of time to serve the defendants because of the COVID-19 pandemic. And the same day, the district court issued an order that the deadline was already extended until June 15, 2020, by a supervisory order of the supreme court.

No one filed anything else in the case for over two years.

Then, in August 2022, the clerk issued a rule 1.944 dismissal notice, warning that "this case shall be tried or shall be subject to dismissal on [January 1, 2023] unless an order is entered as provided by" rule 1.944. *See* Iowa Rs. Civ. P. 1.944(2) (generally requiring dismissal of cases pending more than one year "unless satisfactory reasons for want of prosecution or grounds for continuance be shown by application and ruling thereon after notice and not ex parte"); 1.944(4) ("The case shall not be dismissed if there is a timely showing that the original notice and petition have not been served and that the party resisting dismissal has used due diligence in attempting to cause process to be served.").

A couple weeks before the January 1, 2023 dismissal deadline, Tillman moved to extend the time for service because of "her medical [needs], and physical condition, and the environmental issues." In response, the court noted that her service "deadline expired 18 months ago" but decided to set her motion for hearing to give Tillman the chance to show "what efforts, if any, she has made to effect service which would justify further extension, and what has prevented her from making timely application for an extension of time to effect such service."

At the hearing, the court granted Tillman's motion and extended her deadline for service until March 28, 2023—ninety days from the date of the order. The court reasoned that some of Tillman's explanations for her failure were "compelling," including undergoing "three surgeries," being "hospitalized" and "bedridden," fearing COVID-19, and engaging in settlement negotiations with an insurance company about the case.[2]  The court also extended the rule 1.944 deadline for trial by another year to January 1, 2024.

The court warned Tillman—both at the hearing and in the later written order—that "if she did not comply with these deadlines, or . . . file a request for extension prior to the expiration of that 90 days outlining all of the steps she had taken to effect service of the Original Notice upon the defendants, her case would likely be dismissed."  Indeed, the court even highlighted that "while the dismissal would be without prejudice, her claim would likely be barred by the personal injury statute of limitations at that point."  And Tillman acknowledged repeatedly on the record that she understood the court's warnings.

On March 23, 2023, Tillman filed copies of certified-mail receipts addressed to Hinson and the insurance companies and postmarked that same day that she labeled, "certificate of service of summon [and] complaint."  And she later filed a copy of the return receipt signed by Hinson showing that the original notice and petition were delivered to Hinson on April 8.  Around the same time, Tillman also received a letter from Hinson's attorney informing her that his "office represents Jason Hinson" and that he would "be filing an appropriate response to [her] petition

---

[2] Because this extension order is not challenged on appeal, we express no opinion whether these reasons could be just cause for an extension of time for service.

in the near future." The letter also included a request for a "patient's waiver" and list of "treating medical providers" to "more efficiently proceed in this matter."

Hinson soon moved to dismiss Tillman's claim against him for "continually" failing to serve the original notice, "including by the recently extended deadline of March 28, 2023." Tillman resisted, arguing in written filings that she tried to serve Hinson and thought she had done so by her certified mailing. She also argued that continued settlement negotiations with Hinson's insurer were "a deterrent of [Tillman] going forward in the Court system with the undue delay and bad faith negotiation practice[s]."

After a hearing, the court granted Hinson's motion and dismissed her claim against Hinson without prejudice. The court noted on the record that Tillman had not moved for another extension of time. It found that Tillman "never obtained *personal service* upon any of the Defendants" and that Tillman "admitted that she knew that she had to obtain personal service." And even considering the certified mailing, the court found that mail was not delivered to Hinson until after the March 28, 2023 deadline." Thus, the court reasoned that because Tillman "did not effect personal service upon Hinson by the Court's deadline, the Court was required to dismiss [Tillman's] Petition without prejudice." Tillman now appeals.[3]

---

[3] Tillman first tried to appeal immediately after the court's oral ruling at the hearing. But the supreme court ruled that the oral ruling was interlocutory because the district court had not yet filed its final order or judgment, treated her notice of appeal as an application for interlocutory appeal, and denied the application. *See Tillman v. Hinson*, No. 23-0919 (Iowa July 19, 2023). After the district court entered its written ruling, Tillman filed this current appeal.

6

II.

A lawsuit "is commenced by filing a petition with the court." Iowa R. Civ. P. 1.301(1). But before things can really get going, a plaintiff must bring the defendant into court by serving an original notice and copy of the petition on the defendant. *See* Iowa R. Civ. P. 1.302. Generally, service on competent adults must be made by "serving the individual personally." Iowa R. Civ. P. 1.305(1). And none of the alternative methods of service, such as voluntary acknowledgment of service, court-approved substitute service, or service by publication, were sought by Tillman here. *See* Iowa Rs. Civ. P. 1.305(1), (14), 1.310. Sending the original notice by certified mail is not proper personal service. *See Brown v. Davenport Police Dep't*, No. 07-2164, 2008 WL 3916439, at *1 (Iowa Ct. App. Aug. 27, 2008); *Harrington v. City of Keokuk*, 141 N.W.2d 633, 638 (Iowa 1966) (holding that "original notices cannot be 'served'" under now-rule 1.305 "by registered mail"); *see also Mokhtarian v. GTE Midwest Inc.*, 578 N.W.2d 666, 669 (Iowa 1998) (admonishing out-of-state attorney for unfamiliarity "with Iowa rules regarding the timeliness and proper manner of service of an original notice" when the attorney originally believed it "could be accomplished by certified mail" and holding that such misunderstanding did not justify delay in service in appeal where plaintiff conceded certified mail is not proper).

Service must be "made upon the defendant . . . within 90 days after filing the petition" unless the district court extends the deadline on a showing of "good cause." Iowa R. Civ. P. 1.302(5). Otherwise, the court "shall dismiss the action without prejudice." *Id.* When service has not been made within the deadline of the rule or later court order, the only issue to decide is whether the plaintiff has "shown

justification for the delay." *Crall v. Davis*, 714 N.W.2d 616, 620 (Iowa 2006). "Inadvertence, neglect, misunderstanding, ignorance of the rule or its burden, or half-hearted attempts at service have generally been deemed insufficient to show good cause" justifying the delay. *Id.* (cleaned up). Rather, a "plaintiff must have taken some affirmative action to effectuate service of process upon the defendant or have been prohibited through no fault of his or her own, from taking such an affirmative action." *Id.* (cleaned up). We review the district court's dismissal under rule 1.302(5) for correction of errors at law. *Id.* at 619. The district court's factual findings bind us if supported by substantial evidence. *Id.*

Tillman's main—and only potentially preserved—argument on appeal is that she provided notice to Hinson before the expiration of her service deadline. Tillman twice received an extension of time for service. And she benefitted from an eighteen-month grace period after her first extension deadline expired without consequence. So at the time of the district court's ruling, her deadline for service was March 28, 2023—more than three years after she filed her petition in January 2020.

The district court did not err in holding that Tillman failed to serve Hinson by this extended deadline. Her certified mailing of the original notice does not qualify as personal service. *See Brown*, 2008 WL 3916439, at *1. Even if it did, substantial evidence supports the district court's finding that the certified mailing was not delivered to Hinson until April 8—eleven days after the deadline. And it matters not whether Hinson or his attorney had actual notice of the lawsuit by some other means—such as from the insurance companies. *See Mokhtarian*, 578 N.W.2d at 669 ("[I]t is irrelevant whether [the defendant] knew a lawsuit had been

filed because [rule 1.305] still requires service of an original notice and petition upon the defendant."). Bottom line, the record contains no evidence that Tillman or someone on her behalf has ever personally delivered the original notice to Hinson.

Tillman does not argue on appeal that the district court should have found good cause justifying this failure to serve. And while she does make many other substantive and procedural arguments about why the court should not have dismissed her petition and how it should have conducted the motion-to-dismiss hearing, none of those issues were decided by the district court and some are raised for the first time on appeal. So they are not preserved for our appellate review. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal.").

**AFFIRMED.**